DAVID BENNETT, Respondent, v. JOEL B. MOREHOUSE and
NELSON D. MOREHOUSE, impleaded with TALCOTT B. MORE-
HOUSE, Appellants. FREEMAN TOURTELLOTT, Respondent,
v. The Same, Appellants. SIMEON SCOUTEN, Respondent, v.
The Same, Appellants.

M. having devised and bequeathed all his estate to J. and T., subject to the
payment of his debts, died. J. and T. entered into possession of the real
estate, and applied the personalty to the payment, *pro tanto*, of the debts.
A creditor of M. recovered a judgment against J. and T. for the amount
of his debt, which judgment also adjudged the amount to be a
lien upon the real estate, prior to any created by J. or T.; ordered a
sale thereof by the sheriff; directed how the proceeds should be applied,
and that the sheriff make report of sale, and convey to the purchaser.
Execution was issued in the usual form of execution upon judgments
for money.

*Held*, that a motion to set aside such execution was properly denied. It
was a personal judgment, and the plaintiff was at liberty to exhaust his
remedy at law before resorting to the lien.

The question involved is one of practice in the court below, and the order
is not appealable to this court. LOTT, J.

(Submitted January, 1870; decided March 19th, 1870.)

APPEAL from an order of the General Term of the Supreme
Court, in the fourth district, affirming an order of the Special
Term denying a motion to set aside executions issued in the
above actions.

Judgments were recovered against Joel B. and Talcott B.
Morehouse, upon the indebtedness of their father, existing at
the time of his death. By his will, all his real and personal
estate was devised and bequeathed to Joel and Talcott, they to
pay from the personal estate, if sufficient, all his just debts; but,
if not sufficient, the residue of the debts to be a charge upon
the real estate. The personal property was exhausted in pay-
ment of debts, leaving those due to the three respondents
entirely unpaid. Joel and Talcott entered into possession of
the real estate.

The judgment in each case adjudged a recovery of the

debt, and costs, against Joel B. Morehouse and Talcott B. Morehouse, and then further adjudged the amount recovered to be a lien upon the real estate of the testator, and ordered a sale thereof by the sheriff. It directed how the proceeds of such sale should be applied, and that the sheriff bring any surplus into court; make a report of sale, specifying any deficiency; execute deeds to purchasers; and that purchasers be let into possession on production of such deeds, and a certified copy of the order confirming the report of sale, and contained a description of the premises.

Executions were issued in the usual form of executions upon judgments for the recovery of money, and the sheriff advertised a sale of the premises by virtue of the executions.

Nelson D. Morehouse claimed some lien on the premises, which would be protected under the directions for application of proceeds, contained in the judgment; and that he would be prejudiced by a sale upon the executions. He was made a party defendant in the actions, and unites with Joel in bringing this appeal.

The appellants obtained an order to show cause, at a Special Term of the Supreme Court, why these executions should not be set aside, and all further proceedings under them be stayed. After a hearing of the parties interested, the motion to set aside the executions was denied, with costs. An appeal was taken to the General Term, where the order of the Special Term was affirmed, with costs, from which an appeal is taken to this court.

*John C. Hulbert*, for the appellants, cited *Tracy* v. *The F. N. Bank of Selma* (37 N. Y., 523); *People* v. *N. Y. C. R. R.* (29 N. Y., 418); *King* v. *Platt* (34 How., 26); *McGregor* v. *Comstock* (19 N. Y., 581); 5 Paige, 259; 9 id., 46; 3 Comst., 261; 6 Hill, 350; *Bailey* v. *Ryder* (10 N. Y., 363); 8 How., 66; 10 Paige, 115; 41 Barb., 629.

*Charles S. Lester*, for the respondents, cited *Butts* v. *Gunning* (5 Paige, 259); *Schemerhorn* v. *Barhydt* (9 Paige,

28–44); *Lane* v. *Doty* (4 Barb., 539); *Wood* v. *Wood* (26 Barb., 356); *Gridley* v. *Gridley* (24 N. Y., 130); *Roswell* v. *Carpenter* (28 Barb., 426); *Berry* v. *Riley* (2 Barb., 307); *Grosvenor* v. *Hunt* (11 How., 355); *Oakley* v. *Becker* (2 Cowen, 454).

LOTT, J.   The question involved in these appeals is one of practice merely in the court below.   The judgments were for the recovery of money against the defendants, Joel and Tallcott Morehouse, and the amount recovered was also adjudged to be a lien and charge upon certain real estate devised to them by their father, and particularly described in the judgments, which was directed to be sold by the sheriff of Saratoga county, for the satisfaction of the debts.   The executions issued thereon were, as stated in the motion papers, "in the usual form of executions or *fi. fa's*, issued upon judgments for money," and it was claimed by the appellants that they were not appropriate to the enforcement of these judgments, and on that ground, and on some allegations as to the course of proceedings thereon, an application was made at Special Term to set them aside, which was denied, and the appeal to this court is from an order of affirmance by the General Term.

The respondent was entitled to the collection of the money recovered by him, and if the · executions issued were not in the form prescribed by law, it was an irregularity, subject to correction by the court below; and it is settled by the decision in the case of *Bank of Genesee* v. *Spencer* (18 N. Y. Rep., 150), that the order of the character appealed from does not affect a substantial right, within the third subdivision of section 11 of the Code.   It related to the form and order of proceedings, and was the exercise of the jurisdiction of that court to control and regulate its process.

Orders in such cases are not appealable to this court.

It, however, an appeal was allowed, I concur in the views expressed in the opinion of BOCKES, J., at Special Term, on the merits.   He has fully and ably considered the question

raised by the motions, and I cannot add anything material or useful to what he has there stated.

My conclusion is, that the appeals should be dismissed, or, if retained, the order should be affirmed, with costs in each case.

FOSTER, J.  The motion of the appellants was heard and decided below upon the question, whether such executions as were issued were authorized by the judgment which had been rendered.  Much has been said, on the part of the appellants, upon the contents of the complaint, and the report of the referee, as not warranting an execution, as in the case of an ordinary personal judgment; but I think they have nothing to do with the motion.  There has been no appeal from the judgments; there is no motion to change them in substance or form; and they are in full force.  And the true, and only question, is whether, upon such judgment executions like those in question could regularly issue.  The first paragraphs of the judgments are as follows : In the case of Bennett : "It is ordered and adjudged that Daniel Bennett, the plaintiff, recover of the defendants, Joel B. Morehouse and Talcott B. Morehouse, the sum of $376.16, with $203.74 costs, and disbursements, amounting in the whole to $580.40."  And the two other judgments were in the same form, except names of the plaintiffs and amount.  This, in each case, is a full and complete personal judgment, in form, and warrants the issuing of execution in the usual form, unless it is limited or restricted by some other part of the judgment.  In this case I do not find a word which prevents or controls the issuing of such execution.  The next paragraph further adjudges the judgments to be a lien on certain real estate, and directs their priority as such ; and the third paragraph directs how the real estate may be sold, and provides for the application of the proceeds.

But I think it perfectly apparent that it was intended, not only to establish the lien, but also to make the judgment personal against the defendants, and to declare it payable by them,

independently of whether the property on which the lien was declared, if sold, left a deficiency or not, and whether it was ever sold or not. In other words, that the judgment authorized the plaintiffs, if they chose, to first exhaust their remedy at law, without regard to the lien, and to allow them to resort to that, in case the personal remedy should not enable them to collect their whole debt.

The order of the General Term, affirming the order of the Special Term, should be affirmed with costs.

All concur for affirmance, except SMITH, J., who was for reversal.

Order affirmed.