[No. 3068. Decided November 1, 1898.]

JOSHUA PIERCE, *as Receiver, Respondent,* v. SAMUEL E. WILLEBY, *Appellant.*

APPEAL — BOND CONDITIONED FOR COSTS AND SUPERSEDEAS — SUFFICIENCY.

A bond for $200 conditioned both as a stay bond and a cost bond on appeal is insufficient to confer jurisdiction on the supreme court, under Laws 1893, p. 122, §§ 6, 7 (Bal. Code, §§ 6505, 6506), which provide that an appeal bond in the penalty of $200, conditioned for the payment of costs and damages, must be given; and, in case a stay of proceedings is sought, the bond, where the appeal is from a final judgment for the recovery of money, shall be in a penalty double the amount of the damages and costs recovered in such judgment, and in other cases shall be in such penalty, not less than two hundred dollars, as a judge of the superior court shall prescribe.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Appeal dismissed.

*Jesse Thomas,* for appellant.

*Theodore L. Stiles,* for respondent.

9—20 WASH.

The opinion of the court was delivered by

Scott, C. J.—Respondent moved to dismiss the appeal herein on the ground that no appeal bond was given. The record contains a bond in the sum of $200, conditioned both as a cost bond and a stay bond. It also appears by the record that the lower court, upon an application by the appellant, fixed the amount of the supersedeas bond in the sum of $200 on June 30th last. The bond in question was filed on July 6th, and in his notice of appeal given July 8th the appellant notified the respondent that an appeal and stay bond had been filed in said cause. The bond in question was the only one given. The provisions of the statute with reference to the giving of appeal and stay bonds are somewhat indefinite. It is conceded that the same instrument may be conditioned to operate both as a cost bond on appeal and also as a stay bond, but it is contended by the respondent that in no case could such a bond be given in a less penalty than $400. Laws 1893, p. 122, §§ 6 and 7 (Bal. Code, §§ 6505, 6506), prescribe the requirements of such bonds. It is clearly provided that an appeal bond in the penalty of $200, conditioned for the payment of costs and damages, must be given where no stay is required. The appellant contends that a bond need not exceed that sum where it is conditioned to operate both as an appeal and a stay bond, if a larger amount is not fixed by the lower court; but this, it seems to us, is not in keeping with the spirit of the statute, for the intention is evident to give the respondent security in the sum of $200 for costs and appeal damages alone, and, if the bond in that penalty could operate also as a stay bond, respondent might have no security for costs at all. The order contained no reference to an appeal bond and was as follows:

" This cause came before the court June 30, 1898, on motion of plaintiff for judgment on the pleadings and said

motion is sustained, to which defendant excepts, and defendant then and there in open court gave notice that he appeals to the supreme court of the state of Washington and asked the court to fix the amount of a supersedeas bond, which the court thereupon fixed at two hundred dollars ($200)."

Under the terms of this order a supersedeas bond should have been given in the sum of $200, independent of the appeal bond, leaving the statutory provisions out of the question. But we think the bond was insufficient, under the statute, to operate both as an appeal and a stay bond, regardless of the order; and under it a stay was obtained. The appellant should not be left in a position where he might claim the instrument to be either a stay bond or an appeal bond, and, having conditioned it as a stay bond under the order of the court, he should be bound thereby. If it is susceptible of two constructions, that one favorable to the respondent should be adopted. The giving of an appeal bond is jurisdictional, as we have heretofore held. See, also, 1 Enc. Pl. & Pr. pp. 965, 1011, and cases cited.

It follows that, as no appeal bond was given, this court has no jurisdiction, and the appeal is dismissed.

Anders and Dunbar, JJ., concur.

Reavis, J. (dissenting).—The bond in question contains the conditions required by statute for appeal. It also contains further conditions to supersede the judgment in the superior court. It has been heretofore determined that the execution of the appeal bond is jurisdictional when a case is brought here. A supersedeas bond is in no sense jurisdictional. A case is presented here of a bond properly conditioned on appeal, complying with all the jurisdictional requisites to authorize the hearing on appeal, but containing additional conditions to supersede the judgment. It would seem that the additional conditions ought to be treated as mere surplusage. The only proper

inquiry into the bond at this time is its sufficiency as an appeal bond, which involves the question of jurisdiction and nothing more.    The motion to dismiss the appeal should be denied.

GORDON, J., concurs in the dissent.