[No. 3472. Decided January 20, 1900.]

FREEMAN GALLOWAY, *Respondent,* v. R. P. TJOSSEM, *Appellant.*

APPEAL—SUFFICIENCY OF BOND—SUPERSEDEAS.

An appeal bond for $650, which purports to be both a supersedeas bond and a cost bond on appeal, is insufficient to confer jurisdiction on the supreme court, under Laws 1893, p. 122, §§ 6, 7, when the appeal is from a money judgment in the sum of $282.

SAME—FILING ADDITIONAL BOND.

The giving of an appeal bond is jurisdictional, and an insufficent bond cannot be remedied by the filing of an additional one, where the time provided by law for the filing of the bond has expired.

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge. Appeal dismissed.

*H. J. Snively* and *J. W. Robinson,* for appellant.

*Eugene E. Wager* and *James A. Haight,* for respondent.

PER CURIAM.—A motion was made by the respondent to dismiss this appeal for the reason that the alleged appeal and supersedeas bond is not, in form and substance, such as to render the appeal effectual, in that the penalty of said bond, which purports to be both an appeal and a supersedeas bond, is not double the amount of the money judgment appealed from, and $200 additional, as required by law. The judgment in this case was for $282, and the appeal and supersedeas bond which was executed and filed was in the sum of $650, being $114 less than twice the amount of the judgment and the $200 required for the appeal bond. *Pierce v. Willeby,* 20 Wash. 129 (54 Pac. 999), and the *Town of Sumner v. Rogers,* decided July 15, 1899, 21 Wash. 361 (58 Pac. 214), are relied upon

by the respondent. Under these authorities this motion must prevail. In *Pierce v. Willeby, supra,* it is true that the bond was in the sum of $200, and it was the contention that it was an appeal bond, but it was conditioned both as a cost bond and a stay bond; and the court, in passing upon that contention, said:

" The appellant contends that a bond need not exceed that sum where it is conditioned to operate both as an appeal and a stay bond, if a larger amount is not fixed by the lower court; but this, it seems to us, is not in keeping with the spirit of the statute, for the intention is evident to give the respondent security in the sum of $200 for costs and appeal damages alone, and, if the bond in that penalty could operate also as a stay bond, respondent might have no security for costs at all."

So, in this case, if the statute is not given the construction which is claimed for it by respondent, a bond of $200 and $20, or any smaller amount, additional, without regard to the amount of the judgment, would be sufficient, and that portion of the statute which provides that the stay bond shall be double the amount of the judgment would be practically disregarded; and, if the penalty in the bond was for double the amount of the judgment, with ten or twenty dollars added, the result would be that the bond required on appeal for costs would be practically annulled. In fact, if the contention of the appellant should be sustained, it would logically follow that a bond in twice the amount of the judgment, without any additional amount, would be construed both as an appeal bond and a bond for costs, and the very object of the statute would be disregarded.

Section 7, ch. 61, Laws 1893, p. 122, provides that the appeal bond must be executed in behalf of the appellant by one or more sureties, and shall be a penalty of not less than two hundred dollars in any case; and in order to

effect a stay of proceedings as in this section provided, the bond, where the appeal is from a final judgment for the recovery of money, shall be in a penalty double the amount of the damages and costs recovered in such judgment.

Nothing less than a compliance with the plain provisions of the statute will enable a party to appeal and also stay the judgment; and, if the bond claims to be both an appeal bond and a stay bond, the obligor should not be allowed to determine, when the bond is questioned, whether it is an appeal bond or a stay bond. As was said in *Pierce v. Willeby, supra,* the appellant should not be left in a position where he might claim the instrument to be either a stay bond or an appeal bond; and, having conditioned it as a stay bond, under the order of the court, he should be bound thereby, and, if it is susceptible of two constructions, that one favorable to the respondent should be adopted. This case was followed by *Town of Sumner v. Rogers, supra,* where it was said:

"But the penalty is not sufficient for the two bonds, which may be included in one. The bond on appeal is required to be in the sum of $200, and, according to § 7, p. 122, Laws 1893, in order to effect a stay of proceedings on a final judgment for the recovery of money, the bond must be in penalty double the amount of the damages and costs recovered in such judgment."

In that case the judgment was for $525, and in the bond executed and filed the penalty was fixed at $400. The motion to dismiss was allowed.

In *Aultman Taylor Machine Co. v. Hatley,* where no opinion was filed, but the case was dismissed from the bench under the authority of the two cases above noted, the identical question was involved which is raised in this case. There the amount of the judgment appealed from was $405, and the bond, which purported to be both an appeal and a stay bond, was for $850, but, to be effective

under the statute, it should have been $1,010, and for these defects the appeal was dismissed.

The appellant asks in this case that, if the court shall decide that the bond is insufficient, he be allowed to file an additional bond; but the giving of an appeal bond is jurisdictional, and, it not having been filed within the time provided by law, the motion to amend cannot be allowed.

The motion to dismiss will be granted.