[No. 3559. Decided May 22, 1900.]

D. E. RITCHEY *et al., Respondents,* v. CEDAR MILL COMPANY *et al., Appellants.*

APPEAL—SUFFICIENCY OF BOND—DISMISSAL.

Where a bond conditioned both as an appeal and as a stay bond is not executed in an amount that is twice the amount of the judgment, and $200 additional, as the statutes require, it is insufficient to give the supreme court jurisdiction, even though a portion of the judgment making an allowance for attorney fees is absolutely void.

Appeal from Superior Court, Snohomish County.— Hon. FRANK T. REID, Judge. Appeal dismissed.

*W. P. Bell* and *J. A. Coleman,* for appellants.

*M. J. McGuinness* and *Bausman, Kelleher & Emory,* for respondents.

PER CURIAM.—Motion to dismiss appeal for want of sufficiency of the bond. The appeal bond was conditioned, also, as a stay bond. It is conceded that the amount of the bond is not twice the amount of the judgment and costs and $200, the statutory requirement for an appeal bond. This brings the case within the rule announced in *Pierce v. Willeby,* 20 Wash. 129 (54 Pac. 999); *Town of Sumner v. Rogers,* 21 Wash. 361 (58 Pac. 214); *Galloway v.*

*Tjossem, ante,* p. 103 (60 Pac. 129), and *Beezley v. Sessions, ante,* p. 125 (60 Pac. 130). The appellants have filed a very earnest brief, in which the court is adjured, in view of the results which they conceive may follow the rulings in the cases above referred to, to overrule said cases. But, after giving due consideration to appellants' arguments, we are constrained to sustain the rule therein established, and which has since been announced from the bench in various cases in which no opinions have been rendered. We have frequently had under consideration the act cited by appellants, viz., § 1, ch. 49, Laws of 1879, but do not think the provision has reference to the amount of the bond. It is also claimed by the appellants that this case does not fall within the rule announced in *Pierce v. Willeby, supra,* and the following cases, inasmuch as it is asserted that a portion of the judgment, viz., $100, allowed as attorney's fees, was void for the reason that there is no provision in the statute for the allowance of attorney's fees in cases of this kind, which is the foreclosure of a lien under the laws of 1897 (Session Laws, p. 55), and an exceedingly interesting brief is filed in support of this view, on the question of jurisdiction. But conceding, without deciding, that there is no statutory provision for an attorney's fee in this character of cases, and that the judgment in that respect is absolutely void, and conceding the further contention of the appellants, that a void judgment is unenforcible and can be attacked collaterally, yet, if an appeal is sought from such judgment, the party desiring to appeal must comply with the law regulating appeals, exactly as though the judgment were not void. It is for the very purpose of determining the question of whether or not the judgment is void that this appeal is brought. The right of appeal is statutory, and the statute must be complied with. No distinction is made by the

statute between appeals from illegal judgments and those from void judgments. If appellants' theory is correct, and the claim was that the entire judgment was void, the result of their contention would be that no appeal bond whatever would be required. This contention cannot be sustained. The appeal will therefore be dismissed.