[No. 4183.  Decided April 18, 1902.]

TITLE GUARANTEE AND TRUST COMPANY, *Appellant*, v. MARGARET McDONNELL, *Respondent*.

APPEAL — SUPERSEDEAS BOND — SUFFICIENCY.

Where a judgment required a party to pay a certain sum of money and costs, and, further, to perform certain acts within a period of thirty days, or in default of such performance, a money judgment in certain sums would be awarded against the party, on

appeal therefrom a supersedeas bond fixed by the court in a sum larger than double the amount of the money judgment and $200 additional, but less than double the amount conditionally required to be paid, is sufficient, under Bal. Code, § 6506, which provides that the appeal bond shall be in a penalty of not less than $200 in any case, and, "in order to effect a stay of proceedings, the bond, where the appeal is from a final judgment for the payment of money, shall be in a penalty double the amount of the damages and costs recovered in such judgment, and in other cases shall be in such penalty, not less than two hundred dollars, and sufficient to save the respondent harmless from damages by reason of the appeal, as a judge of the superior court shall prescribe."

Appeal from Superior Court, Clarke County.—Hon. ABRAHAM L. MILLER, Judge. Motion to dismiss denied.

*E. B. Seabrook, Coovert & Stapleton,* and *W. W. Cotton,* for appellant.

*Milton W. Smith* and *N. H. Bloomfield,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Respondent moves to dismiss this appeal upon the ground that the bond is insufficient. The bond is in the usual form, conditioned as an appeal and supersedeas, and is in the sum of $60,000. This court has frequently held that a supersedeas bond, to be effectual on appeal, must be in double the amount of the money judgment appealed from, together with $200 additional as an appeal bond. *Pierce v. Willeby,* 20 Wash. 129 (54 Pac. 999); *Town of Sumner v. Rogers,* 21 Wash. 361 (58 Pac. 214); *Galloway v. Tjossem,* 22 Wash. 103 (60 Pac. 129); *Beezley v. Sessions,* 22 Wash. 125 (60 Pac. 130).

The judgment appealed from in this case, omitting the formal parts, is as follows:

"Based upon the findings of fact and conclusions of law made and filed herein on the 13th day of September, 1901, it is, this 13th day of September, 1901, considered,

ordered, and adjudged that the defendants herein have and recover of and from the plaintiff the sum of $29,477.79, with interest thereon from this date at the rate of eight per cent. per annum, together with the costs and disbursements of this suit, taxed at $89.10.

"And it is further considered, ordered, and adjudged that the plaintiff pay or cause to be paid and satisfied of record a certain mortgage made and executed by Columbus McDonnell and Margaret McDonnell to Balfour, Guthrie & Co., and assigned to Vincent Cook, within thirty days from the date hereof, and that, if said mortgage is not paid and satisfied within said thirty days, that the defendant have and recover of and from the plaintiff the sum of $6,795.81, with interest thereon at the rate of ten per cent. per annum from this date; and it is further ordered and adjudged that the plaintiff satisfy of record a certain judgment obtained by E. A. Wintler against Columbus McDonnell and Margaret McDonnell in the superior court of the state of Washington for Clarke county, on the 10th day of April, 1894, and thereafter assigned to Robert F. Hall, and a certain judgment obtained by C. W. Slocum against Columbus McDonnell and Margaret McDonnell in the superior court of the state of Washington for Clarke county, on the 16th day of April, 1896, and thereafter assigned to Robert F. Hall.

"And it is further ordered and adjudged that the plaintiff turn over to the defendant all moneys collected under a certain mortgage upon certain real property situated in the county of Walla Walla, state of Washington, made and executed by Annie Beine to Columbus McDonnell, and assigned by him to Vincent Cook, as security, or, in case that the money due under said mortgage has not been collected, to turn over to said defendants said mortgage and notes secured thereby within thirty days from the date hereof, and that, in case plaintiff fails to turn over said moneys or said mortgage and notes within said thirty days, that defendants have and recover of and from said plaintiff the sum of $1,201.23, with interest thereon at the rate of seven per cent. from this date. To all of which judgment plaintiff, by its attorneys, duly excepts, which exception

is by the court allowed; whereupon the said plaintiff, by
its attorneys, in open court, gives notice that it appeals
from said judgment, and the whole thereof, to the supreme·
court of the state of Washington, and the clerk is hereby
ordered to enter such notice in the journal of this court,
and said notice of appeal is hereby duly entered."

The first paragraph of this judgment is clearly a judg-
ment for money in the sum of $29,477.79 and costs in
the sum of $89.10, making a total of $29,566.89.    The sec-
ond paragraph requires appellant to satisfy a certain mort-
gage within thirty days, and, in default thereof, that re-
spondent have a further judgment against appellant for·
the sum of $6,795.81, with interest; and also requires ap-
pellant to satisfy two certain judgments.    The third para-
graph requires appellant to turn over to respondent all
moneys collected upon a certain mortgage, or, in case the·
money has not been collected, to turn over to respondent
the mortgage and notes secured thereby within thirty days,
and, in default thereof, that respondent recover from ap-
pellant the sum of $1,201.23, with interest.    The second
and third paragraphs are clearly not judgments for money,
but amount to orders upon appellant to do the things·
named within thirty days, and, in default thereof, or of
either of the things commanded, the respondent will then
be entitled to a money judgment, in different sums, for the·
different commands neglected or refused.    The statute pro-
vides, at § 6506, Bal. Code, as follows:

"The appeal bond must be executed in behalf of the·
appellant by one or more sufficient sureties, and shall be·
in a penalty of not less than two hundred dollars in any
case; and in order to effect a stay of proceedings as in this
section provided, the bond, where the appeal is from a
*final judgment for the recovery of money,* shall be in a
penalty double the amount of the damages and costs re-
covered in such judgment and *in other cases* shall be in

such penalty, not less than two hundred dollars, and suf-
ficient to save the respondent harmless from damages by
reason of the appeal, as a judge of the superior court shall
prescribe."

At the time the judgment was entered, notice of appeal
was given, and, upon application by appellant therefor, the
court fixed the amount of the bond on appeal at $60,000,
and ordered that the same, when filed, should effect a stay
of proceedings. When the judgment is a final money
judgment, the statute fixes the bond. In other cases the
court fixes the amount of it. When a judgment is in part
for money and part for other relief, no specific provision
is made; but it was evidently the intention that in such
cases the court should fix the amount of the supersedeas
bond in a sum double the money judgment and $200 ad-
ditional, and such further sum as in the opinion of the
court would save the respondent harmless from damages
by reason of the appeal. The lower court evidently took
this view of the law, and accordingly fixed the bond for
the second and third paragraphs of the decree at $666.22,
in addition to double the amount of the money judgment in
the first paragraph, and $200, making the total of the
bond $60,000. It is argued by respondent that the judg-
ment is a money judgment, and that the bond should have
been for double the different items named, or the sum of
$75,327. The cases cited by the respondent in support
of the motion are all cases from this court, where there
was either no question or it was held that the judgments
were for money. The case of *State ex rel. Bridge Co. v.
Superior Court,* 11 Wash. 366 (39 Pac. 644), was one
where the court rendered judgment for $8,671.80 and
decree of foreclosure of the mechanic's lien. The lower
court fixed a supersedeas bond on appeal at the sum of
$1,000. This court said, in passing upon a motion to dis-
miss:

"This judgment is certainly a final judgment for the recovery of money. The judgment is that the plaintiff shall recover a certain sum; and because the judgment proceeded to give the plaintiff a lien upon certain property does not, it seems to us, without some provision of the law to that effect, take from him his right to the statutory bond."

*State ex rel. National Bank v. Superior Court,* 14 Wash. 365 (44 Pac. 859), was similar, and followed the case next above cited. In *Pierce v. Willeby, supra,* the court held that a bond for $200, conditioned as a stay and appeal bond, was insufficient, because, under the terms of the order fixing the amount of the bond, a bond should have been given in the sum of $200, independent of the appeal bond, or $400 in all. In *Town of Sumner v. Rogers, supra, Galloway v. Tjossem, supra,* and *Beezley v. Sessions, supra,* where the judgments were all final judgments for money, it was held that a bond intended as a stay was insufficient when it did not meet the requirements of the statute and amount to double the money judgment and $200 additional. It was said in *State ex rel. National Bank v. Superior Court, supra,* where the lower court had fixed the amount of the supersedeas bond upon appeal, and where a final judgment for money was appealed from, "that the statutory bond must be given whenever the judgment is for the recovery of money, even though such recovery is coupled with the granting of other incidental relief." The case in hand is the reverse of that. Here the judgment, except the money judgment for $29,477.79 in the first paragraph, is a command upon appellant to satisfy a mortgage and certain judgments and turn over certain moneys or notes within a given time. In case appellant fails to comply with this command, then respondent is given a money judgment in fixed amounts. An execution certainly cannot issue for money here ad-

judged to respondent in these two paragraphs until the expiration of thirty days, and it is doubtful if one might issue then without an affirmative showing that the decree had not been complied with, and an order of the court entered adjudging that an execution issue. This part of the decree may be satisfied in either of two ways: First, by an act directed to be done within a given time; and, second, provided the act is not within the given time, then it must be satisfied by the payment of money. This latter is entirely conditional upon the failure to satisfy under the former. If the appellant, within the time allowed therefor, should satisfy the mortgage and judgment, and should deliver to respondent the notes and mortgages and the money collected thereon as required, it is clear the judgments provided for in the second and third paragraphs of the decree could never become effective as money judgments, and may never become such. If these paragraphs were not money judgments at the time the decree was entered and the appeal taken, they are not now such judgments, and cannot be until some subsequent time. This part of the decree therefore falls within the provision of the Code denominated "other cases," for which the lower court was authorized to prescribe a bond, and as the bond fixed was sufficient to cover double the amount of the money judgment,—$29,566.89,—named in the first paragraph, with $200 additional, and also $666.22 to save the respondent harmless from damages as to the second and third paragraphs by reason of the appeal, it is sufficient.

The motion is therefore denied.

REAVIS, C. J., and WHITE, DUNBAR, FULLERTON, HADLEY and ANDERS, JJ., concur.