[No. 5037. Decided July 19, 1904.]

In the Matter of the Estate of PAUL DRASDO, Deceased.[1]

APPEAL — DISMISSAL — BOND — SUPERSEDEAS — ORDER FIXING AMOUNT—NECESSITY. Upon an appeal from an order other than a judgment for the recovery of money, the amount of a bond to effect a stay of proceedings must be fixed by the court, and a bond given both as an appeal and supersedeas bond in the sum of $500, without any order of court fixing the amount, is insufficient to give jurisdiction of the appeal, and the appeal must be dismissed.

Appeal from an order of the superior court for King county, Bell, J., entered September 4, 1903, requiring the payment of the fees of a special administrator, and other sums, upon the allowance of his account, against the objection of the executors. Appeal dismissed.

*William Martin* and *W. A. Keene,* for appellants.

*Wm. Hickman Moore, pro se.*

PER CURIAM.—This is an appeal from an order of the superior court allowing to William Hickman Moore, as special administrator of the estate of Paul Drasdo, deceased, the sum of $1,000 as fees for his services as such special administrator, together with certain other minor sums, allowed in the order to be paid to other persons than the special administrator, and which he is directed to pay. The executors of the will of the deceased are prosecuting the appeal. The respondent moves to dismiss the appeal on the ground, among others, that the appellants did not furnish an appeal bond as required by law. A bond was given in the sum of $500, which purports to stay proceedings. Respondent contends that the appeal is from an order which is a judgment for the recovery

[1]Reported in 77 Pac 735.

of money, and that the bond, in order to effect a stay of proceedings, should be in double the amount of the judg-ment, which would require a bond for more than $2,000. Whether the order appealed from is a judgment for the recovery of money, within the meaning of § 6506, Bal. Code, is a question that admits of controversy. If it be such a judgment, then manifestly the bond is insufficient, but without deciding that point, and conceding, for the purposes of this motion, that an order fixing and allowing the compensation of an administrator should not be classi-fied as a judgment for the recovery of money, still, under the section of the statute cited, the amount of the bond must in any event be fixed by the court, in order to stay proceedings. The record is silent upon that subject. No order or entry of any kind appears by which we can de-termine that the court fixed the amount of the supersedeas bond at $500, or at any other sum. Respondent in his brief asserts that the court did not fix the amount. Appel-lants' counsel, in the reply brief, does not dispute the assertion, but in a mere inferential manner, following argumentative matter, says: "We take it that this was the reason that the lower court fixed the amount of the bond in the sum of $500." He, however, points out noth-ing in the record to verify the statement, and, after dili-gent search, we are unable to find any order in the record fixing an amount for the supersedeas bond. The appeal must therefore be dismissed.