[No. 5317.  Decided March 25, 1905.]

THE INVESTMENT COMPANY, *Respondent*, v. A. HAMBACH
*et al., Appellants.*[1]

STATUTES—RETROSPECTIVE EFFECT—EJECTMENT—BONA FIDE OC-
CUPANTS—ALLOWANCE FOR VALUE OF IMPROVEMENTS—MISTAKE IN
BOUNDARIES.  Laws 1903, p. 262, for the protection of bona fide
occupants of land who have, in good faith, made permanent im-
provements, has no retrospective effect, and cannot be taken ad-
vantage of by a defendant in ejectment who, by mistake in 1900,
built the brick wall of his building upon plaintiff's adjoining lot;
since at that time he was, at common law, a trespasser, and the
rights of plaintiff then became vested.

Appeal from a judgment of the superior court for King
county, Rudkin, J., entered May 12, 1904, in favor of the
plaintiff, as prayed, upon sustaining a demurrer to an an-
swer in an action of ejectment.  Affirmed.

*Fred H. Peterson (H. C. Force, of counsel), for appel-
lants.*

*John P. Hartman, for respondent.*

HADLEY, J.—This is an action in ejectment, brought
to recover possession of a portion of lot 19, block 329, as
shown upon the plat of the Seattle tide lands.  The portion
sought to be recovered lies along the northerly side of the
lot.  The defendants answered, admitting that the plain-
tiff is the owner of the whole of the lot.  They affirma-
tively averred that, since about January 1, 1900, the de-
fendants Hambach and wife have been the owners of
lot 18, in the above mentioned block, which adjoins said
lot 19 upon the northerly side of the latter; that about said
date they employed a competent civil engineer to stake
out the corners of said lot, and, he having done so, the

1Reported in 80 Pac. 190.

said defendants thereupon constructed a one-story brick building upon the whole of lot 18, having reference to the boundaries so staked out, and believing that they marked the true boundary lines of said lot. The building was completed in the year 1900. It is further alleged that a subsequent survey was made by the city of Seattle, and by the plaintiff; whereupon it was claimed that the survey made on behalf of the defendants was incorrect, and that said Hambach and wife were in possession of a portion of lot 19, extending along the entire northerly side thereof. It is further averred that Hambach and wife occupied the said portion of lot 19 with the said brick building, and claimed title thereto adversely to plaintiff, holding possession thereof in good faith, believing at all times that they were its owners in fee. The answer also alleges that a brick wall, about eighteen inches wide, was erected by said defendants upon said strip of land, the value of which is $1,000, and that the value of the land without the said improvement is $250. The answer prays that the plaintiff may have such damages as it may be found to have sustained through the withholding of possession of said strip of land by the defendants, and that the defendants shall be allowed to set off the value of the improvements against the value of the land so occupied; and, further, that if the plaintiff shall fail to pay the value of the improvements, then the defendants shall be permitted to pay the value of the strip of land, and thereafter become the owners in fee simple.

The plaintiff demurred to the answer, on the ground that it does not state any cause of defense to the complaint. The demurrer was sustained. The defendants elected to stand upon their answer, declining to plead further, and the court thereupon found to the effect that, for nearly two years prior to the bringing of the action, the

defendants had occupied said strip of land without lawful authority, and had withheld it from plaintiff, and that plaintiff had, at all times, been the owner and entitled to the possession. Judgment was entered that the defendants shall return and deliver said property to the plaintiff, free and clear of all buildings, structures, or other improvements placed thereon by defendants, and, in the event they shall fail forthwith to so vacate and return the property, then the sheriff of King county is directed to oust them, and to remove any such structures or improvements, at the expense of the defendants. The defendants have appealed.

Appellants in their brief say: "At common law the defense interposed would have been insufficient, for appellants would have been considered trespassers in so far as their building extended on to the lot of respondent." Thus conceding that at common law they are trespassers, they, however, contend that the defense alleged in their answer is within the provisions of the statute of 1903, as found at pages 262-3, Session Laws of that year, which is entitled as follows: "An act for the protection of occupants of land who have in good faith made permanent improvements or paid taxes or assessments thereon." The answer was carefully drawn with reference to that statute, and it is urged that the court erred in sustaining the demurrer to the answer. Assuming, without deciding, that the facts alleged with regard to the character of the improvements and the manner of occupancy may bring the case within the scope of relief contemplated by the statute, still we think there is another question that must be decisive of the case against appellants. The occupancy by appellants was begun, and the improvements were made, upon respondent's land in the year 1900. The statute did not go into effect until 1903. If the statute were intended to

apply to conditions antedating its existence, it would be retrospective in its operation.

"Upon principle, every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective; . . ." *The Society etc. v. Wheeler*, 2 Gall. (U. S.) 105, Fed. Cas. No. 13,156.

The above definition of a retrospective law was written by Mr. Justice Story, and has since been recognized by the courts as a correct and comprehensive one. A statute should not be so construed as to make it impair existing rights, or create new obligations and duties with respect to past transactions, unless such plainly appears to have been the intention of the legislature.

"In the absence of such plain expression of design, it should be construed as prospective only, although its words are broad enough in their literal extent to comprehend existing cases." Sutherland, Statutory Const., § 464, and cases cited.

Appellants concede that the act of 1903 does not, in terms, state that it was intended to be retrospective in its operation; but they argue that its language is broad enough to make it so. The language of the act may be easily read without giving to it such a construction, and, under the above stated rule, it should not be so construed. The act is not, therefore, retrospective.

If appellants' contention, that the act upon its face shows that it was intended to be retrospective, should prevail, it would nevertheless be of no avail to the defense in this action. The rights of the respondent with regard to this property were vested and established long before the statute took effect. If this statute were intended to affect such established and vested rights, it would be "opposed

to those principles of jurisprudence which have been universally recognized as sound." 24 Am. & Eng. Ency. Law (2d ed.), 877, and cases cited.

The case of *Billings v. Hall,* 7 Cal. 1, was an action in ejectment. The defendant pleaded the "Settler Law" of 1856, and claimed the value of his improvements. Speaking of that act, the court said:

"It applies as well to past as future cases. That which, before, was mine, is by this act taken from me, either in whole or in part, for if I refuse to pay for the improvements which were put upon my land by a mere trespasser, and which were mine by the law, before the passage of the statute, I lose not only the improvements, but the land itself, and that which is mine today, may be taken from me tomorrow, by any intruder who wishes to enter upon it."

The court then quoted approvingly from *Green v. Biddle,* 8 Wheat. 1, 5 L. Ed. 547, as follows:

"Nothing can be more clear, upon principles of law and reason, than that a law which denies to the owner of land, a remedy to recover the possession of it, when withheld by any person, however innocently he may have obtained it; or to recover the profits received from it by the occupant; or which clogs his recovery of such possession and profits, by conditions and restrictions tending to diminish the value and amount of the thing recovered, impairs his right to, and interest in, the property. If there be no remedy to recover the possession, the law necessarily presumes a want of right to it. If the remedy afforded be qualified and restrained by conditions of any kind, the right of the owner may indeed subsist, and be acknowledged, but it is impaired, and rendered insecure, according to the nature and extent of such restrictions."

That statutes similar to ours should not be held to act retrospectively, so as to affect such vested rights as respondent's in the premises, was declared in the following cases: *Newton v. Thornton,* 3 N. M. 287, 5 Pac. 257;

*Miller v. Moss* (Tex.), 9 S. W. 257; *Wilson v. Red Wing School Dist.*, 22 Minn. 488; *Flynn v. Lemieux*, 46 Minn. 458, 49 N. W. 238; *Boyce v. Holmes*, 2 Ala. 54.

The demurrer to the answer was properly sustained, first, for the reason that the statute of 1903 does not purport to be retrospective; and second, for the reason that, if it did so purport, it could not be sustained in that particular, and could not authorize the defense interposed here.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur. RUDKIN, ROOT, and CROW, JJ., took no part.