[No. 5689.   Decided January 3, 1906.]

Elizabeth A. Barton, *Appellant,* v. Mrs. R. A. Wickizer, *Respondent.*[1]

Appeal — Dismissal — Bonds — Amount of Supersedeas Bond — Money Judgment for Betterments in Ejectment. Upon appeal by plaintiff from a judgment in ejectment for the possession of premises, requiring the plaintiff to pay the value of improvements, it is not necessary that the amount of the supersedeas bond on appeal be fixed by the court, and a bond in double the amount of the money judgment and $200 additional is sufficient.

Ejectment — Bona Fide Occupants — Allowance for Betterments—Statutes—Retrospective Effect. Laws, 1903, p. 262, providing that in an action by the owner to recover possession, the *bona fide* occupants of land may offset the value of improvements made in good faith, is not retroactive, and there can be no recovery for improvements made prior to the enactment of said statute.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 17, 1905, upon findings in favor of the plaintiff for possession, and in favor of the defendant for the value of improvements, in an action of ejectment, after a trial on the merits before the court without a jury.   Reversed.

*F. E. Knowles,* for appellant.

*Wilson & Thorgrimson* and *Jerold Landon Finch,* for respondent.

Root, J.—This action was brought by appellant to recover possession of certain real estate in the city of Seattle. It is the second action instituted by appellant against re-

[1]Reported in 83 Pac. 312.

spondent for the recovery of the same property. The first was instituted in November, 1902, and resulted in a decree wherein appellant was found to be the owner of said property, but was denied the right of possession on account of not having made proper demand. In the second action, respondent set up a counterclaim for the value of improvements made on the premises, relying upon the provisions of the betterment law (Laws 1903, p. 262). The trial court made findings of fact to the effect that appellant was the owner in fee simple, and entitled to the immediate possession, of the premises; that a proper demand had been made; that respondent had entered the premises in good faith under color and claim of title, and believing that she was the legal owner; that during the years 1900 and 1901, she had made permanent improvements on said premises of the value of $525, and paid taxes in the sum of $2.25; that respondent made said improvements while holding the property in good faith, under color and claim of title, adversely to appellant; that the value of the realty, apart from the improvements, was $800; that the first action was brought in November, 1902, and resulted as hereinbefore stated.

Conclusions were made and signed in accordance with the findings, and a judgment and decree entered thereupon. In said judgment and decree it was recited, first, that the plaintiff was the owner and entitled to the immediate possession of the premises; then the following provisions appeared:

"(2) That the defendant have and recover from the plaintiff as a counterclaim in this action the sum of $525, for the permanent improvements made by the defendant on said premises and taxes paid on the same. (3) That if plaintiff shall, within two months from the date of the signing of this decree, pay to the defendant said sum of $525, then said plaintiff shall become the owner of, and be vested with the title to, said permanent improvements; that if the plaintiff does not pay said sum of $525, within said two months, then said defendant may, within two months thereafter, pay the plaintiff the sum of $800, the value of said land apart from the improvements, and said defendant shall then be vested

with the title to said land, including said improvements, and be entitled to the immediate possession of said premises and said improvements and each and every part thereof. (4) That, should the plaintiff and defendant both fail to make the payments as provided in paragraph 3 herein, then the plaintiff and defendant shall be and are hereby declared to be and deemed tenants in common of said premises, including said improvements, in proportion to their interests and valuations to said realty and improvements."

From this judgment and decree, the plaintiff appeals.

Respondent moves to dismiss the appeal for the reason that the undertaking on appeal is in the form of an appeal and supersedeas bond, and in an amount equal to, or exceeding, twice the amount of the money portion of the judgment and costs, plus $200, which amount was not, however, fixed by any order or action of the trial court. Respondent's contention is that the amount of the supersedeas bond must be fixed by an order of the trial court in all cases where the judgment is for anything else than money; and contends that the judgment in this case contained provisions which made it other than a judgment for money, as that expression is used in the appeal statute. It is not contended that the amount of the bond is insufficient. In fact, it is conceded that it was sufficient if the rule applicable to money judgments controls. The contention of the respondent with reference to this bond is in opposition to the former holdings of this court, and for that reason cannot be sustained. *State ex rel. Washington Bridge Co. v. Superior Court,* 11 Wash. 366, 39 Pac. 644; *State ex rel. Commercial Nat. Bank v. Superior Court,* 14 Wash. 365, 44 Pac. 859; *Title Guarantee & Trust Co. v. McDonnell,* 28 Wash. 359, 68 Pac. 890; *Lacaff v. Dutch Miller Min. etc. Co.,* 31 Wash. 566, 72 Pac. 112. The motion to dismiss the appeal is denied.

Upon the merits, a former decision of this court is conclusive. In the case of the *Investment Co. v. Hambach,* 37 Wash. 629, 80 Pac. 190, the exact questions involved in this case were passed upon and decided contrary to respond-

ent's contention herein. It was there held that the provisions of the betterment law of 1903 were not retroactive, and that a person could not recover for improvements made prior to the existence of said statute. As the improvements made by the respondent in this case were so made before this statute was enacted, it follows that she cannot offset or counterclaim the same against the owner of the land in a suit brought by him to recover its possession.

The judgment and decree of the honorable superior court is reversed, and the cause remanded, with instructions to enter an unconditional judgment and decree in favor of appellant for the possession of the premises in question.

MOUNT, C. J., DUNBAR, CROW, HADLEY, RUDKIN, and FULLERTON, JJ., concur.