[No. 5963. Decided February 3, 1906.]

JOHN W. MACY, as *Administrator of the Estate of Matthew Green, Deceased, Respondent,* v. JOHN SULLIVAN, *Appellant.*[1]

APPEAL—BOND—SUPERSEDEAS OF OTHER THAN MONEY JUDGMENT. A judgment for the recovery of a sum of money and the cancellation of a deed, is one other than for the recovery of money, and an appeal and supersedeas bond without any order of court fixing the amount is insufficient to give jurisdiction of the appeal.

APPEAL—APPEALABLE ORDERS—DEFAULT ON FAILURE TO PLEAD OVER. No appeal lies from a judgment of default entered for failure to answer within the time fixed at appellant's request, after sustaining a demurrer to an affirmative defense, when no request was made to set aside the default.

Appeal from a judgment of the superior court for Chelan county, Steiner, J., entered June 8, 1905, in favor of the plaintiff for damages and the cancellation of a deed. Appeal dismissed.

*S. D. Griffith,* for appellant.

*Frank Reeves* and *Reeves & Reeves,* for respondent.

PER CURIAM.—The judgment appealed from in this case is for $548.40 damages, and for the quieting of title to a certain tract of land by the return and annulment of a deed, given by mistake to the appellant by the respondent. The discussion of the merits of the appeal is obviated by the interposition by the respondent of a motion to dismiss the appeal and affirm the judgment, for two reasons: (1) That the judgment appealed from requires the performance of something other than, and in addition to, the payment of money, no order fixing the amount of a supersedeas bond ever having been made or entered by the trial court; and (2) that the judgment appealed from is not appealable.

It appearing in this case that the judgment did require

1Reported in 84 Pac. 601.

something in addition to the payment of money, viz., the returning of the deed, the case is brought squarely within the rule announced in *In re Drasdo's Estate,* 35 Wash. 412, 77 Pac. 735, where it was held that, upon an appeal from an order other than a judgment for the recovery of money, the amount of the bond to effect a stay of proceedings must be fixed by the court, and that a bond given as both an appeal and supersedeas bond, without any order of the court fixing the amount, is insufficient to give jurisdiction of the appeal. The record is silent in this case, as it was in the case just referred to, concerning the fixing of the supersedeas bond by the court, and in fact no claim is made that any such bond was fixed by the court.

As to the second proposition, it appears from the record that a demurrer was sustained to the appellant's affirmative defense to the complaint, and at his request he was given until April 29 in which to file a second amended answer; that he failed to file said pleading within the time allowed, or at all, and that on May 1, respondent moved for appellant's default for such failure; that such default was granted by the court, and no request was ever made to the trial court to set aside the default. Under such circumstances, no appeal lies. *Pacific Supply Co. v. Brand,* 7 Wash. 357, 35 Pac. 72; *Hall v. Skavdale,* 21 Wash. 203, 57 Pac. 807.

The appeal will be dismissed, a d the judgment affirmed.

FULLERTON, J. (concurring)— I concur in the judgment on the ground last stated.