[No. 6539.   Decided April 23, 1907.]

M. O. TIBBITTS et al., *Respondents*, v. T. J. HENRY et al.,
                    *Appellants.*[1]

APPEAL—BONDS—SUPERSEDEAS—SUFFICIENCY.   Where the bond on
appeal conditioned also as a supersedeas bond, is in less than double
the amount of a money judgment and two hundred dollars additional,
the same is ineffectual for any purpose and the appeal will be dis-
missed.

SAME—FIXING AMOUNT OF BOND.   An appeal from a judgment
quieting title, and for costs, will be dismissed where the bond on
appeal is conditioned also as a supersedeas bond, without the amount
thereof having been fixed by order of the trial court.

Appeal from a judgment of the superior court for Chelan
county, Steiner, J., entered July 19, 1906, upon findings in
favor of the plaintiff, after a trial on the merits, in an action
to quiet title.   Dismissed.

*M. J. Cochran* and *Carroll B. Graves*, for appellants.

*Reeves & Reeves*, for respondents.

PER CURIAM.—This is an action to quiet title and to en-
join the defendants from using the waters of a small stream
in Chelan county, which flows through their lands and lands
of the plaintiffs.   Upon trial a final decree was entered, quiet-
ing plaintiffs' title, enjoining the defendants, and also award-
ing judgment to plaintiffs for $123.50, costs.   The defendants
have appealed from the judgment and decree and from each
and every part thereof.

The respondents have moved to dismiss the appeal, on the
grounds, (1) that a money judgment in the sum of $123.50
was rendered against the appellants, and that their appeal
bond, being conditioned as both an appeal and a supersedeas
bond in the sum of $300, is insufficient in amount; (2) that

[1]Reported in 89 Pac. 880.

the judgment and decree awards equitable relief in addition
to the money judgment; that the bond is conditioned as
both an appeal and supersedeas bond, and that no order of
court was ever made fixing the amount of such supersedeas
bond. The bond recites the following conditions:

"The condition of the above obligation is such that whereas
the above named plaintiff on the 19th day of July, A. D.
1906, recovered judgment against the above named defend-
ants for the sum of one hundred and twenty-three dollars and
fifty cents, and for a judgment and decree quieting title to
section 25, township 24, N. R. 18 E., W. M., and for an in-
junction enjoining and restraining defendants from entering
upon the lands aforesaid and from maintaining or repairing
any irrigating ditches thereon or using any of the waters of
Olalla Creek while thereon in the said superior court . . .
Now therefore, if the said principal T. J. Henry and Augusta
Henry, his wife, shall pay to M. O. Tibbitts and Dora A. Tib-
bitts, his wife, the sum above named, all costs and damages
that shall be adjudged against them on the appeal, and shall
satisfy and perform the judgment or order appealed from,
in case it shall be affirmed, and any judgment or order
which the said supreme court may render or order to be
rendered by said superior court, not exceeding the amount
or value of the above named original judgment, as above set
forth, then this obligation to be void; otherwise to remain
in full force and effect."

This language clearly indicates that the undertaking was
intended by the appellants to operate both as an appeal and
supersedeas bond. A bond conditioned as both an appeal
and supersedeas, and so intended is insufficient for any pur-
pose, unless given in double the sum of the money judgment
and $200 in addition thereto. This bond is for $300 only,
and not sufficient in amount. *Pierce v. Willeby*, 20 Wash.
129, 54 Pac. 999. Nor is the undertaking, when conditioned
as both an appeal and supersedeas bond, effectual for any
purpose when the decree from which the appeal is taken
grants relief other than, and in addition to, the payment
of money, unless the amount of the supersedeas bond has

been fixed by order of the trial court, which has not been done in this case. In *re Drasdo's Estate*, 35 Wash. 412, 77 Pac. 735; *Macy v. Sullivan*, 41 Wash. 564, 84 Pac. 601. The appeal is dismissed.