[No. 6756.  Decided April 10, 1908.]

WASHINGTON WATER POWER COMPANY, *Respondent*, v. ABACUS ASSOCIATION, *Appellant*.[1]

APPEAL—BONDS—AMOUNT.  An appeal from a judgment quieting title, in which the court, at appellant's request, fixed the amount of a supersedeas bond at $200, will be dismissed when the bond on appeal, conditioned also as a supersedeas bond, was in the sum of only $200; since it should have been $400 (CROW, J., dissenting).

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered October 10, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title.  Appeal dismissed.

*William E. Richardson* and *P. C. Shine*, for appellant.

*H. M. Stephens*, for respondent.

PER CURIAM.—The respondent brought this action against the appellant to quiet title in itself to certain real property situated in the city of Spokane.  A decree quieting the title as prayed for was entered in its favor, together with a judgment for the costs of the action.  The appellant, claiming to be in possession and desiring to avoid being ejected therefrom, applied to the court to fix the amount of a supersedeas bond to stay proceedings pending an appeal to this court.  The court fixed the amount at $200, whereupon the appellant gave its notice of appeal and filed a bond in that sum conditioned both as a supersedeas and appeal bond, giving no other or different bond.  The respondent moves to dismiss the appeal on the ground that the bond is insufficient.  The motion must be granted.  The bond to have been sufficient as an appeal and supersedeas bond should have been in the penalty of at least $400.  *Pierce v. Willeby*, 20 Wash. 129, 54 Pac. 999; *Sumner*

[1]Reported in 94 Pac. 1072.

*v. Rogers*, 21 Wash. 361, 58 Pac. 214; *Galloway v. Tjossem*, 22 Wash. 103, 60 Pac. 129; *Beezley v. Sessions*, 22 Wash. 125, 60 Pac. 130; *Ritchey v. Cedar Mill Co.*, 22 Wash. 511, 61 Pac. 160; *Graham v. American Surety Co.*, 28 Wash. 735, 69 Pac. 365; *Loy v. Coey*, 31 Wash. 684, 71 Pac. 552; *Hawthorn v. Washington & Great Western R. Co.*, 33 Wash. 707, 74 Pac. 1135; *In re Drasdo's Estate*, 35 Wash. 412, 77 Pac. 735; *Macy v. Sullivan*, 41 Wash. 564, 84 Pac. 601; *Tibbitts v. Henry*, 46 Wash. 306, 89 Pac. 880.

The appeal is dismissed.

Crow, J. (dissenting)—I cannot concur in the foregoing opinion, being unable to conclude that the order mentioned in the majority opinion fixes the amount of any supersedeas bond. On the contrary, its recitals indicate an intention to fix only the amount of the appeal bond at $200 which, being an unnecessary order, Bal. Code, § 6505 (P. C. § 1053), was surplusage and of no force or effect for any purpose. While it is true that the bond is conditioned as both an appeal and supersedeas bond, it was evidently intended to perform the functions of an appeal bond only, and was sufficient for that purpose. The rule announced by the cases cited in the majority opinion, although often repeated by this court, is one of such severity that the scope of its operation should not be unnecessarily extended. On the authority of *Douglas v. Badger State Mine*, 41 Wash. 266, 83 Pac. 178, 4 L. R. A., N. S., 196, I think the motion to dismiss the appeal should be denied, and I therefore dissent.