[No. 7933. Department One. August 3, 1909.]

## H. M. GOULD et al., Appellants, v. ASA E. WHITE et al., Respondents.[1]

TAXATION — FORECLOSURE — SUMMONS FOR PUBLICATION—SUFFICI-ENCY. Under Laws 1897, p. 182, § 96, subd. 3, a summons by publication requiring the defendant to appear within sixty days after the "service" of the summons is not in accordance with the statute, and is insufficient to confer jurisdiction to enter a judgment of default.

JUDGMENT—RECITALS OF SERVICE — PRESUMPTIONS — EVIDENCE TO OVERCOME—SUFFICIENCY—BURDEN OF PROOF. In an action to set aside a default tax foreclosure judgment, the presumption of due service of summons, from a recital thereof in the judgment, is overcome, where the defendants prove that they did not appear and were not personally served, and produce the record in the tax case showing nothing beyond the publication of a void summons; and the burden is shifted to the tax title holder to show a valid service of process.

SAME. Where the record shows a judgment entered upon publication of a void summons, testimony of a very general nature tending to show the publication of summons other than the one on file, without showing the time, place, or manner of publication, is not sufficient to sustain the judgment.

TAXATION—REDEMPTION—LACHES—ACTIONS. The neglect of a party to pay taxes for many years does not amount to laches that would bar an action to redeem the property within the statutory period.

[1]Reported in 103 Pac. 460.

SAME—WAIVER OF TENDER. A tender of the tax as a condition precedent to an action to set aside a void tax judgment is not necessary if it was waived.

SAME—ACTION TO REDEEM—DEFENSES. That there was no defense to a tax foreclosure is not bar to an action to set aside a void tax judgment, the statute requiring only a tender of the tax.

EJECTMENT—BETTERMENTS—TAXATION—REDEMPTION—STATUTES. In an action to recover land sold under a void tax judgment, the defendants can recover for improvements made upon the land since the enactment of the betterment law of 1903, but not for those made prior thereto.

Appeal from a judgment of the superior court for King county, Morris, J., entered October 3, 1908, upon findings in favor of the defendants, dismissing an action to set aside tax judgments, after a trial on the merits before the court without a jury. Reversed.

*H. H. Eaton* (*Sullivan & Stevens,* of counsel), for appellants.

*Willett & Willett,* for respondents.

RUDKIN, C. J.—This was a suit in equity to set aside certain tax judgments, and to remove a cloud from the title to the property affected by the judgments. There were four tax cases in all, and two judgments were entered in each case, but the four cases were identical in every respect, except as to the description of the property involved, and a discussion of the facts and law applicable to one case will be decisive as to the others. The original tax judgment entered on the 26th day of April, 1901, contained the following recital:

"This cause coming on regularly for trial this day, and it appearing to the satisfaction of the court that the notice and summons in said cause was regularly and duly served on the above named defendants as the law in such cases requires, and more than sixty days have elapsed since said service and defendants having failed, neglected and refused to appear and contest, or to make any appearance at all in said action or to pay the amount due.  .  .  ."

On the 13th day of May, 1901, the original tax judgment was vacated and set aside, followed by the entry of a second judgment containing similar recitals, with this addition: "That the judgment entered herein on April — was premature, and of no effect, and was entered through mistake."

The complaint in the present action alleged that the defendants in the tax foreclosure proceedings were not served with process and made no appearance in that action, that the only process served upon them was the publication of a notice or summons in the White River Journal citing the defendants to appear "within sixty days after the service of this notice and summons upon you exclusive of the day of service in the above entitled court and defend this action or pay the amount due together with costs." The record in the tax foreclosure proceedings was offered in evidence by the plaintiffs at the trial. That record showed that there was no appearance in the action by the defendants therein named, and that summons was published in the White River Journal, citing the defendants to appear within sixty days after the service of the summons, as alleged in the complaint. The record showed no other service, and the plaintiffs proved that the defendants in the tax proceedings were not personally served, and likewise that all taxes paid by the defendants in the present action had been tendered.

The defendants, on the other hand, offered some testimony of a very general nature tending to show the publication of a summons other and different from that shown by the return on file. The court below found that due and legal service of summons or notice in the tax foreclosure proceedings was made, that a summons was published in that proceeding in addition to the summons shown by the proof of service on file, that no tender of the taxes paid by the defendants had been made, that the parties under whom the plaintiffs claim had abandoned the property and were guilty of laches, that the defendants in the tax foreclosure proceedings had no legal or equitable defense to that proceeding; and entered a judg-

ment dismissing the action. From that judgment the present appeal is prosecuted.

The summons published in the tax foreclosure, as shown by the proof of service on file, was absolutely void under the decision of this court in *Thompson v. Robbins*, 32 Wash. 149, 72 Pac. 1043, and a score of later cases; there was no appearance by the defendants in that action and no personal service of process upon them; and unless there was some other or further service in the tax proceedings, the court was without jurisdiction there and the judgment is erroneous here. This court has presumed more in favor of the validity of judgments than most courts, but there must be some limit beyond which we may not go, or we might better declare the presumption absolute and incontrovertible. In this case the appellants proved that the defendants in the tax foreclosure proceedings did not appear and were not personally served with process, and produced a record showing nothing beyond the publication of a void summons. This, in our opinion, made out a *prima facie* case in their behalf; the presumption in favor of jurisdiction was overcome, and the burden of proof shifted to the respondents to show that a valid service of process was made. Any other rule would require the appellants to explore every possible avenue through which service might be made, and produce as witnesses the manager or editor of every newspaper or periodical in King county in which a summons might lawfully be published, to prove a mere negative. On the other hand, if there was a valid service of process in that proceeding, it came through the publication of a summons in some newspaper. The time, the place, and the manner of publication was within the knowledge of the respondents or their agents, and it imposes no hardship on them to require them to produce the proofs. 1 Greenleaf, Evidence, § 74. If the burden shifted to the respondents to show a valid service of process, it is very apparent that they utterly failed to establish that fact. As already stated, any service made was necessarily by publication, yet there

is not a scintilla of evidence in the record tending to show the time, place or manner of publication, or the form of the process itself. In other words, the record is entirely barren of evidence tending to show jurisdiction in the court that entered the tax judgment, and the finding of jurisdiction in this case is without testimony to sustain it.

Nor do we find anything in the record to sustain the defense of laches, aside from the fact that the parties under whom the appellants claim neglected to pay their taxes for a good many years. This of itself does not constitute laches in equity, and there is nothing aside from this to bar the appellants from asserting their rights at any time within the period allowed by the statute of limitations, which had not run. The finding that there was no tender of the taxes paid by the respondents is equally unsupported. In our opinion a good and sufficient tender was clearly shown; but in any event, the testimony of the respondents themselves showed a waiver of tender. The finding that there was no defense to the tax foreclosure proceedings is no bar to the present action. We doubt if the general rule requiring a meritorious defense to be shown has any application to actions of this kind. A tender of all taxes paid seems to be the sole requirement of the statute and the respondents may not insist upon more. As said by the court in *Hauswirth v. Sullivan,* 6 Mont. 203, 9 Pac. 798:

"The judgment creditor is permitted to retain the advantage of his judgment for the purpose of securing a just debt, as against a defendant who comes into court and confesses that the debt is just and that he has no defenses thereto. But the rule and the reason for it entirely fail when the defendant comes into court with the money and offers to pay the judgment, as a condition precedent to its being set aside. The advantage of the judgment is only given to the judgment creditor for the purpose of securing a just debt, as against a defendant, who confesses that the debt is just and that he has no defense. But if the defendant brings the money into court and offers to pay the judgment, the reason for permitting the creditor to longer hold the judgment as a

security for his debt is gone.  Payment is a defense, and so is
the legal tender of payment."

If the nonpayment of a valid tax, without more, constitutes a
bar to an action of this kind, few tax judgments could be
set aside, however void or irregular the judgment might be.

This disposes of all questions presented by the record ex-
cept the question of improvements.  The court below found
that the respondents made valuable improvements upon the
premises, as alleged in their affirmative answers, which fixed
the value of such improvements at the sum of $500.  The
answer alleged that these improvements, or at least the
greater portion of them, were made before the betterment
act of March 16, 1903 (Laws of 1903, p. 262), took effect,
but the proof tends to show that certain of the improvements
were made at a later day.  The testimony is very conflicting
as to extent and value of the improvements, but we think an
allowance of $250 for all improvements made since the pas-
sage of the act in 1903, *supra*, would be extremely liberal in
favor of the respondents, and no recovery can be had for im-
provements made prior to that time.  *Investment Co. v. Ham-
bach,* 37 Wash. 629, 80 Pac. 190; *Barton v. Wickizer,* 41
Wash. 293, 83 Pac. 312; *Monk v. Duell,* 41 Wash. 403, 83
Pac. 313.

The judgment is therefore reversed, with directions to en-
ter a decree establishing the rights of the parties pursuant
to the provisions of the act of 1903, *supra,* and assessing the
value of the improvements in the sum of $250.

CHADWICK, FULLERTON, and GOSE, JJ., concur.

MORRIS, J., took no part.