[No. 8653. Department One. June 23, 1910.]

ELIZABETH M. HASSETT, *Appellant*, v. FRATERNAL
BROTHERHOOD, *Respondent*.[1]

APPEAL—BOND—AMOUNT—DISMISSAL. A bond on appeal in the sum of $200, conditioned also as a supersedeas bond, is ineffectual to perfect the appeal, which must be dismissed.

. Appeal from a judgment of the superior court for King county, Tallman, J., entered October 4, 1909, dismissing, at the close of plaintiff's case, an action upon an insurance policy, and denying a new trial, after a trial before the court and a jury. Dismissed.

*Moncrieffe Cameron*, for appellant.

*Milo A. Root*, for respondent.

PER CURIAM.—Appellant is met at the threshold of this case by a motion to dismiss her appeal. The bond is in form an appeal bond and supersedeas in the penal sum of $200, and conditioned that, "whereas the appellant desires to effect · a stay of proceedings under such judgment and in this action according to law," etc. Under a long line of cases cited in

[1]Reported in 109 Pac. 305.

*Washington Water Power Co. v. Abacus Ass'n,* 49 Wash. 261, 94 Pac. 1072, this form of bond has been held to be ineffectual for any purpose. We are urged to overrule this line of cases as based upon purely technical grounds and as unwarranted by a correct interpretation of the statute. Rem. & Bal. Code, § 1722. However engaging such argument might have been, had the question been an original one, we feel that it has become a settled rule of practice in this state, and has been followed for more than twelve years, not only in the cases referred to in *Washington Water Power Co. v. Abacus Ass'n,* but also in many cases where no opinions have been filed. If the court erred in its original construction of the statute, it has been possible to correct it by appropriate legislation. Many sessions of the legislature have intervened since the case of *Pierce v. Willeby,* 20 Wash. 129, 54 Pac. 999, but we find no expression of disapproval on its part. Considering the great number of cases which have fallen within the rule as declared, we do not see our way clear at this time to make a contrary ruling. In another case, argued on June 8, the case of *Bridge v. Calhoun, Denny & Ewing,* 57 Wash. 272, 106 Pac. 762, is cited as opposed to the rule of *Pierce v. Willeby.* Reference to the decision in that case will show that the court expressly stated that we did not find the bond so conditioned as to operate both as a supersedeas and appeal bond. Appeal dismissed.