[No. 12071.   Department One.   December 15, 1914.]

J. C. MICHAELS et al., *Respondents*, v. JOSEPH LEVINSON
et al., *Appellants*.[1]

APPEAL—BOND—SUFFICIENCY.  On appeal from a judgment for
$724, with interest and costs, a bond on appeal conditioned also as
a supersedeas bond, in the sum of $1,600, is insufficient to support
the appeal, which must be dismissed; the statute requiring a bond
in double the amount of the judgment, and $200 additional; which
would amount to $1,648, without taking account of costs.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered February 10, 1914, upon
findings in favor of the plaintiffs, in an action on contract,
tried to the court.   Appeal dismissed.

*Jay C. Allen* and *J. H. Allen*, for appellants.

*Carl J. Smith* and *H. E. Foster*, for respondents.

PER CURIAM.—Judgment was entered in the court below
against the appellants for the sum of $724 with interest from
January 20, 1914, and costs.   A bond and supersedeas in
the penal sum of $1,600 was filed by the appellants.   Re-
spondent has moved to dismiss the appeal.   It is not seriously
contended that the appeal should not be dismissed under the
authority of the following cases:   *Pierce v. Willeby*, 20 Wash.
129, 54 Pac. 999; *Douglas v. Badger State Mine*, 41 Wash.
266, 83 Pac. 178, 4 L. R. A. (N. S.) 196; *Washington Water
Power Co. v. Abacus Ass'n*, 49 Wash. 261, 94 Pac. 1072;
*Hassett v. Fraternal Brotherhood*, 59 Wash. 161, 109 Pac.
305; *Swift v. Saulsberry*, 59 Wash. 163, 109 Pac. 305; *Smith
v. Porter*, 66 Wash. 349, 119 Pac. 824.

But it is said that, under the authority of *Kelley v. Sakai*,
70 Wash. 699, 127 Pac. 107, where a judgment had been en-
tered for $272 and a bond and supersedeas had been given
in the sum of $700, and where we held,

[1]Reported in 144 Pac. 903.

"The motion to dismiss the appeal on account of the alleged insufficiency of the bond is denied; it appearing to the court that the bond is sufficient as an appeal bond, and as a supersedeas bond to stay the cost in the judgment appealed from. . . . Further than this, the bond is without legal effect"

that the appeal should not be dismissed.

Counsel has misconceived the facts in the *Kelley* case. Its holding is consistent with all of the cases that have been heretofore decided by this court upon this question. In that case, an independent action was begun to enjoin the collection of a judgment which had been entered in the sum of $271.80, and costs. After a hearing, a judgment of dismissal was entered. A judgment of dismissal carrying some minor sum as costs was the judgment appealed from. We held that the bond was sufficient. In this case, we have a judgment which, without taking account of costs, would require a supersedeas of $1,448 which, with $200, the statutory bond on appeal, would make a bond of $1,648 necessary.

Under the authority of the cases cited, the appeal is dismissed.