[No. 1690.   Decided March 7, 1895.]

THE STATE OF WASHINGTON, *on the Relation of the Washington Bridge Company,* v. THE SUPERIOR COURT OF SNOHOMISH COUNTY *et al.*

SUPERSEDEAS BOND ON APPEAL — AMOUNT OF PENALTY — FAILURE OF COURT TO FIX PROPER SUM — CERTIORARI.

Under Laws 1893, p. 122, § 7, providing that a supersedeas bond, " where the appeal is from a final judgement for the recovery of money, shall be in a penalty double the amount of the damages and costs recovered in such judgment," one appealing from a judgment of foreclosure of a mechanic's lien is required to give such bond in double the amount of the judgment and costs.

The writ of certiorari is the proper remedy for the review of the action of the court in fixing the amount of the supersedeas bond in a sum other than is required by statute.

*Original Application for Certiorari.*

*Stiles, Stevens & Tillinghast,* for relator.

*Black & Edwards,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The relator obtained a judgment against the Land and River Improvement Company of Everett for the sum of $8,671.80 and costs, recovered November 19, 1894. The judgment further decreed the foreclosure of a mechanic's lien, for the construction of a bridge, upon the bridge and the land upon which it stood, and established relator's lien as a prior lien to those of the other defendants in the action. Execution was issued November 20, 1894, to the sheriff of Snohomish county, and he proceeded to advertise the property for sale. On the 7th day of December following, the Land and River Improvement Company of Everett made an *ex parte* application to the judge of

the superior court of Snohomish county for an order fixing the amount of the supersedeas bond. An order was made by the judge naming $1,000 as the amount of such bond. On the 8th day of January defendant company served and filed its notice of appeal from the judgment and filed one bond in the sum of $200 for costs and another in $1,000 as a supersedeas bond. The clerk on the same day gave notice to the sheriff that a supersedeas bond had been filed. Relator at the time excepted to the sufficiency of the $1,000 bond, but his objection was overruled, and he then moved the court for an order to require the sheriff to proceed with a special execution. This motion was denied. So it will be seen that the question involved here is, can a supersedeas bond to stay an execution of this kind of a judgment be fixed, so far as the amount is concerned, by the court, or is the amount fixed by the terms of the statute.

Sec. 7 of the chapter in relation to appeals to the supreme court, Laws, 1893, p. 122, provides that —

"The appeal bond must be executed in behalf of the appellant by one or more sufficient sureties, and shall be in a penalty of not less than $200 in any case; and in order to effect a stay of proceedings as in this section provided, the bond, where the appeal is from a final judgment for the recovery of money, shall be in a penalty double the amount of the damages and costs recovered in such judgment and in other cases shall be in such penalty, not less than $200, and sufficient to save the respondent harmless from damages by reason of the appeal, as a judge of the superior court shall prescribe."

It is the contention of respondents in this case that the judgment here falls within the last provision above quoted, and that the statute should not be literally construed; while the relator contends for a strict construc-

tion of the statute, insisting that this is a final judgment for the recovery of money, and that the judge of the court has no jurisdiction so far as the amount of the bond is concerned. We are inclined to agree with this construction. This judgment is certainly a final judgment for the recovery of money. The judgment is that the plaintiff shall recover a certain sum; and because the judgment proceeded to give the plaintiff a lien upon certain property does not, it seems to us, without some provision of the law to that effect, take from him his right to the statutory bond.

It is strongly urged by the learned counsel for the respondents that the statute cannot be construed to recover damages for foreclosure of mortgages, or in replevin actions, or actions of forcible entry and detainer, and that the intention of the legislature was to provide for the bond in double the value of the judgment only in cases where there was no other security for the payment of the judgment. It seems to us that had this been the intention of the legislature it would have been easy and natural for it to have inserted the word "only" which would then have made the statute plain.

But whatever construction might be placed upon this law, so far as the foreclosure of mortgages is concerned, a question which we will not now investigate, this action must stand upon an entirely different basis. In the foreclosure of a mortgage a deficiency judgment is generally rendered, but there may or may not be a deficiency judgment in the foreclosure of a mechanic's lien. The judgment is generally two-fold in its application, the judgment for the deficiency being only against the contractor, and there being no judgment for deficiency against the owner of the property upon which the lien is foreclosed. The lien in this case is purely incidental. The judgment was a straight judg-

ment for the recovery of so much money; and in the absence of any provision of the statute excepting a judgment of this kind from the operations of the seemingly mandatory provisions of the law above quoted, we must conclude that the plaintiff in this case was entitled to the statutory bond.

It is also urged by the respondents that the plaintiff has not sought his proper remedy; that his remedy was by mandamus against the sheriff to compel him to act, instead of by certiorari against the court. It may be that the relator here had the right to mandamus the sheriff, but if he had, we think it was a concurrent right, and it would be more equitable to proceed against the court who made the order without jurisdiction than against the subordinate officer, whose primary duty it is to obey the orders of the court. From our view of the law the court in this case acted without jurisdiction absolutely, having no authority to fix the amount of the bond; and, it is stated by Harris on Certiorari, § 78, that "in England, as well as in this country, the writ of certiorari will go when the act sought to be reviewed or to be questioned was in excess of jurisdiction, and not in any mere point of form." We think the cases generally sustain this text.

The relator then having applied for the proper remedy. and the court having acted without jurisdiction, the order complained of will be set aside and held for naught.

HOYT, C. J., and ANDERS, SCOTT and GORDON, JJ., concur.