[No. 2053.   Decided April 6, 1896.]

THE STATE OF WASHINGTON, *on the Relation of Commercial National Bank*, v. SUPERIOR COURT OF KING COUNTY.

CERTIORARI — SUPERSEDEAS BOND — POWER OF COURT TO FIX AMOUNT.

The sufficiency of a supersedeas bond, under statutory requirements, cannot be raised in the supreme court in *certiorari* proceedings, which seek a reversal of an order of the superior court fixing the amount of such bond.

In an action upon promissory notes and to foreclose a mortgage securing same, the court has no jurisdiction to fix the amount of a supersedeas bond on appeal, but the statute providing that the bond shall be in double the amount of the judgment when the action is for the recovery of money governs.

The statute requiring a supersedeas bond to be in double the amount of the judgment applies to any appellant, whether he is one liable to pay the judgment or not.

*Original Application for Certiorari.*

*Burke, Shepard & McGilvra*, for relator.

*Allen & Powell*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—By this proceeding relator seeks the

reversal of an order made by the superior court of King county, fixing the amount of a supersedeas bond upon appeal from a final judgment rendered in an action brought to recover the amount due upon certain promissory notes made by one of the defendants, and to foreclose a mortgage given to secure their payment. The defendant who appealed from the judgment was not liable upon the notes, and was made a party to the proceeding to foreclose the mortgage for the reason that he claimed an interest in the mortgaged property which it was alleged was subject to the claim of the plaintiff under the mortgage. The record has not been formally certified to this court but the matter has been submitted by counsel as if the record were here, and the merits have been argued in their briefs.

It is first claimed on the part of the plaintiff that even if the court had the right to make the order in question, the bond given in pursuance of such order was not such as the statute required. But we agree with the respondent that any question relating to the sufficiency of the bond cannot be determined in this proceeding.

The other question to be determined is as to the power of the court to fix the amount of a supersedeas bond in an action to foreclose a mortgage; and under our statute (Laws 1893, p. 122, § 7) the decision of this question must depend upon whether or not the object of such action is the recovery of money, and the judgment rendered therein is for such a recovery. If it is, the statute fixes the amount of the bond, and the court has no jurisdiction in the matter. If it is not, the statute gives the court the right to determine the amount of the bond.

In *State, ex rel. Bridge Co., v. Superior Court*, 11 Wash.

366 (39 Pac. 644), we held that the judgment rendered in an action to foreclose a mechanic's lien was a money judgment within the meaning of the statute relating to bonds on appeal, and, in our opinion, what was said in that case is decisive of this; for, while it is true, as stated by respondent, that the opinion shows that it was not intended to decide what would be the effect of a judgment in a suit to foreclose a mortgage, yet the judgment under consideration in that case cannot be distinguished from one rendered in a suit to foreclose a mortgage. In such a suit, as well as in one to fore-close a mechanic's lien, the primary object is to col-lect the money found to be due upon the claim se-cured, and the application of specific property upon which such claim is a lien to the payment of the amount so found to be due is secondary; and the fact that in one case such security is furnished by the stat-ute and in the other case by the contract of the par-ties, can have no influence in determining whether or not the judgment is one for the recovery of money within the meaning of our statute relating to appeals.

It is no doubt true, as argued by the respondent, that the rights of the parties would often be best sub-served if it was left to the court to fix the amount of the bond upon appeal in such cases, but the legisla-ture having provided that the bond should be in a certain amount whenever the judgment was for the recovery of " money," and not that such a bond should be required when the judgment was for the recovery of " money only," we cannot construe the act as though this additional provision had been inserted, and must hold that the statutory bond must be given whenever the judgment is for the recovery of money, even though such recovery is coupled with the granting of other incidental relief.

Respondent contends that the provision as to the giving of a bond in double the amount of the judgment applies only in cases where the appeal is taken by the one who is liable to pay the judgment; but there is nothing in the statute which warrants this contention.   It makes no distinction in regard to appeals by different parties affected by the judgment, and the statute having made no such distinction, it is not for the courts to make it.   Beside, the effect upon the owner of the judgment would be the same if its execution were stayed in the interest of a party not bound to pay it, as it would if the stay were in the interest of such party.

There may be necessity for legislation upon this question, but until there has been such legislation, a judgment for the recovery of money can only be stayed by a bond by or on behalf of the appellant, in an amount double the judgment.

The order of the superior court fixing the amount of the supersedeas bond will be reversed and held for naught.

SCOTT and DUNBAR, JJ., concur.

GORDON, J., concurs in the result.

ANDERS, J. (*concurring.*)—I understand that the respondent Klosterman has appealed from the whole decree of the superior court, and not merely from that portion thereof establishing the priorities of the liens. I therefore concur in reversing the order fixing the amount of the supersedeas bond.