[No. 5477.    Decided March 11, 1905.]

VAN R. PIERSON, *Respondent,* v. JOHN PEIRCE, *Appellant.*[1]

APPEAL AND ERROR—DISMISSAL—BONDS—AMOUNT OF SUPER-SEDEAS BOND—MONEY JUDGMENT—INTERPLEADER.    In an action of interpleader to recover a deposit in a bank, in which the money in controversy was deposited with the clerk of the court and judgment was entered ordering the clerk to pay it to the plaintiff, an appeal bond, conditioned also to effect a supersedeas, in a sum fixed by order of court, but less than double the amount of the judgment, is insufficient to give the supreme court jurisdiction of the appeal, and the appeal must be dismissed (Fullerton, J., dissenting).

Appeal from a judgment of the superior court for King county, Bell, J., entered May 13, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, ordering the payment to the plaintiff of money in court, in an action of interpleader.    Appeal dismissed.

*Jerold Landon Finch,* for appellant.

*W. E. Humphrey* and *Edward Von Tobel,* for respondent.

[1]Reported in 79 Pac. 1003.

RUDKIN, J.—This action was brought, in the first instance, against the defendant the First National Bank of Seattle, to recover. the sum of $2,500, which the bank agreed to pay the plaintiff in this action, upon he happening of a certain contingency, set forth in the amended complaint. The prayer of the complaint was for a judgment for the sum of $2,500, and costs. The defendant bank thereafter paid said sum of $2,500 into court, and caused the other defendants, Starbuck and Peirce, to be substituted as defendants in its place. A trial was had, and the court adjudged that the plaintiff was entitled to the $2,500 paid into court, and directed the c erk of the court to pay said sum over to him. The defencant Peirce appealed from this judgment, and, upon his application, the court fixed the amount of the supersedeas lond in the sum of $500, and the appellant gave a bond in the sum of $800, conditioned as both a stay bond and a cost bond, and the respondent now moves to dismiss the appeal, on the ground that the bond is insufficient, and that, by reason thereof, this court has no jurisdiction of the appeal.

The motion must be granted. In numerous cases, commencing with *State ex rel. Washington Bricge Co. v. Superior Court,* reported in 11 Wash. 366, 39 Pac. 644, we have held that the giving of a stay bond in double the amount of a money judgment is jurisdictional on appeal, and this must now be accepted as the settled law in this court. We are unable to distinguish this case from our former decisions. In *State ex rel. Commercial Nat. Bank v. Superior Court,* 14 Wash. 365, 44 Pac. 859, it was held that the requirement that a stay bond shall be given in double the amount of a money judgment is applicable to a party appealing from a mortgage foreclosure although the appellant is not personally liable for the payment of the mortgage debt. In that case the court said:

"Respondent contends that the provision as to the giving of a bond in double the amount of the judgment applies only in cases where the appeal is taken by the one who is liable to pay the judgment; but there is nothing in the statute which warrants this contention.   It makes no distinction in regard to appeals by different parties affected by the judgment, and the statute having made no such distinction, it is not for the courts to make it.   Beside, the effect upon the owner of the judgment would be the same if its execution were stayed in the interest of a party not bound to pay it, as it would if the stay were in the interest of such party."

So, in this case, the clerk of the court was directed to pay the sum of $2,500 to the respondent.   Had the clerk appealed, or attempted to appeal, from this order, we have no doubt that he would have been required to give a bond in double the amount of the judgment, in order to effect a stay of proceedings pending the appeal, and the effect of the appeal by the present appellant has the same effect as would an appeal and stay by the clerk himself.   The respondent is deprived of his money pending the appeal, and the fruits of his judgment may be wholly lost through the wrongful acts of the clerk, or from other causes over which he has no control.

The appeal is therefore dismissed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.

FULLERTON, J. (dissenting).—The statute provides that an appeal bond, in order to effect a stay of proceedings, where the appeal is from a "final judgment for the recovery of money" shall be in a penalty double the amount of the "damages and costs recovered in such judgment," and, in other cases, in a sum not less than two hundred dollars, and "sufficient to save the respondent harmless

from damages by reason of the appeal, as a ju lge of the superior court shall prescribe." Bal. Code, § 6 ;06. The contest between the parties in this action was o\ er a fund in court, and the judgment entered simply ( etermines which of them was entitled to the fund. The .question then is, is this a judgment for the recovery of noney, as that term is used in the statute? I do not thinl so. The statute, in using this phrase, has in contemplaticn a judgment for the recovery of money by one party a ;ainst another which that other is obligated to pay; it has no reference to a judgment which merely determines he rights of the parties to a specific chattel. Suppose, in this case, the chattel in court had been a watch, or some article of personal property other than money, what kind >f a bond would the court say should be given? Assuredly one "sufficient to save the respondent harmless from da nages by reason of the appeal, as a judge of the superior court shall prescribe." This is the only bond that could be given; there could be none in double the amount of the recovery. Why should the rule be different merely because the fund in court is money? This question the opinion o: ' the majority does not answer.

The case of *State ex rel. Commercial Nat. Bank v. Superior Court,* 14 Wash. 365, 44 Pac. 859, wher read in connection with its facts, I do not think supports the rule announced here. But whether it does or not, makes but little difference. The case itself is a plain perv rsion of the statute. It holds that a defendant, claiming a specific tract of real property, cannot appeal from a judgment holding such property to be included in a mortg age, and stay the sale of the property claimed pending the appeal, without giving a bond to pay the mortgage debt; and this, notwithstanding he is not otherwise obligated to pay the debt, and notwithstanding the property claimed may be

worth but $100, while the mortgage debt may be $100,-
000. If the statute means this, it is, in my judgment, un-
constitutional as an unwarranted restriction on the right
of appeal.

But it is said that the clerk was directed to pay this
money over, and, had he appealed from the judgment, he
would have been required to give a bond in double the
amount of the judgment, and it is reasoned from this that
the appellant should have given such a bond. But, un-
fortunately for the simile, the clerk could not appeal from
this judgment. The fund is in the clerk's hands because
he is the officer of the court whose duty it is to keep such
funds. The fund is, nevertheless, in court, and the clerk
could no more appeal from a judgment determining which
of two claimants is entitled to it than could the bailiff of
the court, the sheriff, or the judge who presided when the
judgment was rendered; the clerk is but one of the con-
stituent parts of the court, and cannot be heard to ques-
tion, anywhere, the validity of the orders of the court of
which he is clerk, made in cases in which he is not a liti-
gant. What, therefore, would be his obligations, had he
the right of appeal, cannot be held to measure the rights
of the appellant.

Nor is the fact that the fund may be lost, pending the
appeal, by the wrongful acts of the clerk, any reason for
holding that the appellant should give a bond in double
the amount of the money on deposit. It is not the policy
of the law to require a litigant to guarantee the faithful
performance of duties by public officers, as a condition
precedent to his right to appeal to the courts. The law
requires the clerk himself to give security that he will
faithfully perform his duties, and it is to this security
that a person, injured by his wrongful acts, should be
compelled to look for redress. It should not be held that

an appeal bond is intended as such security, unless the statute regulating appeals positively requires such a construction, and ours does not.   In my opinion, the motion to dismiss the appeal should be overruled, and the case heard on its merits.