## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

WILLIAM G. SCHAFER, Respondent, v. PONTUS OLSON, Appellant.

(132 N. W. 645.)

**Appeal and error — bonds — "judgment directing the payment of money."**

1. An action for foreclosure of a vendor's lien on real property, in which judgment is rendered in the form of a personal judgment against defendant, coupled with the usual decree of foreclosure directing the sale and application of the proceeds upon the amount of recovery adjudged, *held* not to be "a judgment directing the payment of money" within the meaning of § 7209 of the Code of 1905, providing that to stay execution pending appeal on a judgment directing the payment of money appellant must furnish a bond conditioned to pay the amount for which the judgment is on appeal affirmed; but the supersedeas bond to be required in such case is defined by § 7212, Code of 1905, conditioned that during the pendency of the appeal the appellant will not commit nor suffer to be committed any waste thereon, and that if the judgment is affirmed he will pay the value of the use and occupation of the property from the time of the appeal until delivery of possession thereof pursuant to final judgment rendered on appeal.

---

Note.—(1, 2,) Power of court to require bond pending appeal, see 2 R. C. L. 124; 1 R. C. L. Supp. 404.

Appeal and error — bond — sufficiency — stay of execution.

2. That as the bond given was as required under the provisions of § 7212 and was approved by the court in a sum fixed by it, the same is valid and the execution as against the property involved in the foreclosure was properly stayed pending appeal.

Opinion filed October 2, 1911.

Appeal and Error, 3 C. J. § 1433 p. 1306 n. 79; § 1488 p. 1319 n. 47.

Application by respondent for a vacation of an order fixing the amount and approving supersedeas bond.

Application denied, and order affirmed.

*Frich & Kelly,* for the motion.

*Hiram A. Libby* and *Scott Rex,* opposed.

Goss, J. This is an application to this court coming after appeal from the district court of Nelson county that a supersedeas bond staying execution, issued under § 7212, Code of 1905, be vacated, and that in lieu thereof a supersedeas bond be required under § 7209. In the district court plaintiff recovered a judgment for $4,197 and interest as a balance due plaintiff from defendant for certain lands sold by him to defendant. The action was brought to obtain said judgment, have it be declared a vendor's lien upon the land so sold, and that such lien be foreclosed. Following the relief sought in equity, the following judgment was entered: "It is now in conformity with the proceedings had in said action and on motion therein, ordered, adjudged, determined, and decreed, as follows: (1) That the said plaintiff do have and recover of and from the said defendant, Pontus Olson, the sum of $4,197.20, being the principal amount sued for herein, and the additional sum of $330.52, interest thereon, and the further sum of $34.20, costs and disbursements of said action as taxed by the clerk, making a total judgment in favor of said plaintiff and against the said defendant of $4,561.92. (2) That the plaintiff has a lien as vendor herein upon and against the lands described in the complaint in this action, for the security and satisfaction of the particular indebtedness existing between said plaintiff and the said defendant, Pontus Olson, and as hereinbe-

fore adjudged to be due and payable and for which judgment has been rendered herein, and the plaintiff's said lien is hereby fully established and confirmed for the full amount adjudged to be due to him by reason of the aforesaid indebtedness, together with all of the accrued costs of sale as hereinbefore provided. (3) That all and singular the lien premises mentioned in said complaint and hereinafter described, or so much thereof as may be sufficient to raise the amount so as aforesaid adjudged to be due the plaintiff for principal debt, costs of this action and the costs of sale, be sold at public vendue to the highest bidder for cash at the front door of the courthouse in the city of Lakota, county of Nelson, the county in which said premises are situated, by or under the directions of the sheriff of said county or his deputy." The judgment further proceeded as usual in such cases to direct the notice to be given, provide that the plaintiff may be a purchaser at the sale, direct the execution and delivery of the certificate on sale being had, and that a deed issue thereon at the expiration of the period of redemption, that the premises be sold as one tract, that the proceeds be applied in payment of fees and thereafter upon the judgment debt, and that the surplus money, if any remain from the sale after paying the debt and accrued costs, be paid into court to abide further order, and describing particularly the land so liened and ordered sold to satisfy the lien debt and accruing costs.

Thereafter the district judge, who ordered the entry of the judgment, approved a surety bond containing one provision for costs on appeal in the amount of $250 and a provision thereof under §§ 7212 and 7215, Revised Codes 1905, providing that that portion of said undertaking in the sum of $1,000 against the commission of waste on said premises and for the use and occupancy of the property covered by the lien pending appeal should stay the execution of the judgment and decree as a supersedeas bond on appeal from said judgment to this court. To the approval of this bond had upon notice, plaintiff and respondent, Schafer, duly excepted, demanding that before the execution be stayed defendant furnish a suitable bond under § 7209, Code of 1905, to at least the amount of the judgment appealed from, conditioned that said judgment or such portion thereof as was affirmed on appeal would be paid. The respondent's request was denied, and the bond for waste and for use and occupancy of the premises held suffi-

cient to stay the execution of the judgment. We are asked to vacate such order of approval.

Involved in the solution of the question presented are the following provisions of the Code of 1905, contained in §§ 7209, 7212, 7213, and 7215.

Section 7209 provides: "If the appeal is from a *judgment directing the payment of money* it shall not stay the execution of a judgment unless an undertaking is executed on the part of the appellant by at least two sureties to the effect that if the judgment appealed from or any part thereof is affirmed, the appellant will pay the amount directed to be paid by the judgment or the part of such amount as to which the judgment shall be affirmed, if it is affirmed only in part, and all damages which shall be awarded against the appellant on appeal." Respondent urges that this judgment is one directing the payment of money and not to be stayed except the provisions of the above section be complied with.

Section 7212 is as follows: "If the judgment appealed from *directs the sale or delivery of real property, except in actions for foreclosure of mortgages,* the execution of the same shall not be stayed unless an undertaking is executed on the part of the appellant by at least two sureties in such sum as the court or presiding judge thereof shall direct, to the effect that during the possession of such property by the appellant he will not commit nor suffer to be committed any waste thereon, and that if the judgment is affirmed he will pay the value of the use and occupancy of the property from the time of the appeal until the delivery of possession thereof pursuant to the judgment."

Section 7213: "To Stay Mortgage Sale. If the judgment appealed from directs the sale of *mortgaged premises* the execution thereof shall not be stayed by the appeal unless an undertaking is executed on the part of appellant by at least two sureties conditioned for the *payment of any deficiency* as shall arise on said sale, not exceeding such sum as shall be fixed by the court or presiding judge thereof to be specified in the undertaking, and all costs and damages which may be awarded to the respondent on such appeal."

Section 7215: "Other Judgments. If the judgment appealed from *directs the doing of any particular act or thing and no express provision is made by the statute in regard to the undertaking to be given on*

*appeal therefrom,* the execution thereof shall not be stayed by the appeal therefrom unless an undertaking is entered into on the part of the appellant in such sum as the court or presiding judge thereof shall direct, and by at least two sureties to the effect that the *appellant will pay all damages which the opposite party may have sustained by not doing the particular thing or act directed to be done by the judgment appealed from,* and to such further effect as such court or judge shall in discretion direct."

The action is brought in equity to foreclose a lien existing by statute, which statute (§ 6281) is but declaratory of the vendor's lien created by civil law and later adopted as an equitable principle and now enforced as a purely equitable action. While the distinctions between actions at law and suits in equity have been abolished by statute (Code, § 6767), yet the two distinct systems remain, and the lien existing in equity and as declared by statute remains with the remedy administered under equitable jurisdiction. 2 Warvelle, Vendors, 2d ed. chap. 27; Sykes v. First Nat. Bank, 2 S. D. 242, 49 N. W. 1058. And the judgment rendered, following the nature of the action, is one in equity for foreclosure of the vendor's lien, even though in the rendition of the judgment the form of its rendition may embody a personal judgment for the amount of the recovery, coupled with the usual foreclosure decree directing the sale of the premises. While not passed upon in this state, there is no doubt as to the authority of the court to enter this twofold judgment, in effect a personal judgment and a decree in equity combined, yet its rendition in such form cannot change the nature of the action of which it is but the conclusion. Rollins v. Forbes, 10 Cal. 299; Rowland v. Leiby, 14 Cal. 156; Chapin v. Broder, 16 Cal. 422; Englund v. Lewis, 25 Cal. 337. Plaintiff sought relief in equity and obtained a decree in equity. The court having equitable jurisdiction thereby cast upon it was clothed with a right to render such judgment as was necessary to completely adjudicate all matters involved in the cause of action litigated. It saw fit to enter a judgment personal in form as it would do in a law action as a part of the relief adjudged and in aid of its main decree in equity. But the judgment remains primarily one of lien foreclosure directed against specific real property; in effect by force of law governing foreclosures, a judgment to sell and deliver such property, the subject-matter of the action.

While one part of the judgment is in form one for recovery of money as is every judgment, and as is nearly every action prosecuted with the object of collecting the money, still we are satisfied that the judgment is to be classed under § 7212 as a judgment to sell and deliver realty, instead of a judgment as mentioned in § 7209, providing for appeal from a judgment directing the payment of money. The arrangement of the sections (7209 to 7215, inclusive) is significant. If § 7209, regulating supersedeas from a judgment directing the payment of money, was to govern the supersedeas bond to be given on every judgment coming literally within its terms as "directing the payment of money," little use there would be for any of the statutory provisions other than § 7209, as there seldom is entered a judgment that does not direct the payment of money. A mortgage foreclosure usually contains a judgment for the payment of money coupled with an order of sale of the mortgaged premises to collect the money adjudged to be paid. And if § 7209 was to include lien foreclosures wherein a judgment is entered adjudging the amount due, why the explicit provision of statute in § 7213 as to stay bonds on mortgage foreclosure sales? And in mortgage foreclosures with the indebtedness usually fixed by contract, its payment secured by mortgage, the statute expressly provides that on appeal to supersede the judgment a bond only for any probable deficiency after application of the proceeds of sale need be given, and the court or presiding judge thereof shall fix the amount of such deficiency. Hence § 7212, regulating supersedeas of judgments to sell and deliver realty, must apply to judgments of foreclosure of liens other than mortgages, otherwise why the provision contained therein *excepting therefrom actions for foreclosure of mortgages? If § 7212 did not contemplate lien sale foreclosures generally, why this exception?* The exception manifests an intent that § 7212 should apply in sales and deliveries of possession of real property in foreclosures, excepting mortgage sales specified as covered by the next succeeding section; and which section provides for the payment of the deficiency, and thereby renders it immaterial, so far as the mortgagee is concerned, as to commission of waste or use and occupation of the premises pending the appeal. All the mortgagee can procure is the sale of the real estate pledged as payment toward his indebtedness and payment of the deficiency so secured by supersedeas.

Under § 7212 the judgment grantor under vendor's lien foreclosure stands in identically the same position as the mortgagee judgment creditor, except as to the money deficiency after sale; and such deficiency, if any there be, is in part secured by the conditions of the bond preventing loss from the fund, the land under foreclosure, where possession is held by the appellant pending the appeal; and for such purpose § 7212 requires an undertaking that the occupant of the premises will not commit nor suffer to be committed any waste thereon, and on affirmance of the judgment that he will pay the value of the use and occupation of the property from the time of appeal to the delivery of the property under the judgment. The suit then being primarily to subject the real estate to the payment of a debt to be adjudged a lien thereon and so determined by judgment, the subject-matter is preserved to answer the judgment on appeal, and pending appeal the rights of the parties are preserved in statu quo, excepting further that under § 7082 the judgment obtained may remain a lien pending the appeal on any real estate of the judgment debtor as additional security to the creditor. In the latter part of § 7082 we find that the general lien of the judgment may after supersedeas granted and the appeal perfected in the discretion of the court be declared secured on appeal and cease to operate as a lien on real estate not the subject of the foreclosure. And conversely until so declared secured the lien remains.

Respondent cites National Bank v. Hanberg, reported in 10 N. D. 383, 87 N. W. 1006, a holding on a bond given under § 5610, Revised Codes of 1899, being § 7209, in an action in equity to foreclose a chattel mortgage, as authority that this is a money judgment to be superseded only by a bond under § 7209. The point raised was not there passed upon; the court holding a bond sufficient as a stay bond given under present § 7209 to supersede the foreclosure judgment on appeal. The reasons given therefor were that, as the bond given was greater than the one that would have been required under respondent's theory, it was sufficient in that "any order lawfully made could not have required a greater or more onerous undertaking than that voluntarily filed by the appellants. It is therefore our opinion that the undertaking filed on the appeal from the judgment is sufficient." The court there expressly avoided passing upon the necessity of giving the bond

mentioned in § 7210 in superseding judgments in actions to foreclose personal property.

Respondent has cited, in support of a bond for the amount of the judgment appealed from, the Iowa case of Flynn v. Des Moines & St. L. R. Co. 62 Iowa, 521, 17 N. W. 769, where in a mechanic's lien foreclosure a judgment similar to the one in the instant case, declaring judgment for a certain amount and adjudging it a lien upon certain personal property, was held to be a judgment or order for the payment of money, and a bond for twice the amount of the judgment and costs was accordingly held necessary to stay execution. The statute of Iowa governing supersedeas bonds on appeal is contained in Code of Iowa, § 4134, reading: "If the judgment or order is for the payment of money the penalty shall be at least twice the amount of the judgment and costs. If not for the payment of money the condition shall be to save the appellee harmless from the consequences of taking the appeal, but in no case shall the penalty be less than one hundred dollars." This and a provision contained in § 4128, that he "will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order, and all rents of or damages to property during the pendency of the appeal, out of the possession of which the appellee is kept by reason of the appeal," constitutes the Iowa statutory provisions in this matter. Under these provisions the clerk fixes the amount of bond. It is noticeable that the statute referred to makes but the general classification as of judgments for the payment of money and judgments not for the payment of money, instead of attempting, as does our statute, in its nine different sections applying to supersedeas bonds, to classify generally the conditions under which they may be required and prescribe the conditions of the bond so to be given to stay execution in each instance. It is also apparent from the case cited (Flynn v. Des Moines & St. L. R. Co.), from the opinion, that the fact that the bond is approved by the clerk, evidently as a ministerial as distinguished from a judicial act, had considerable weight in the court arriving at the conclusion reached. We quote the following from the opinion: "Taking this record as a guide to the clerk in fixing the amount of the bond, he finds a judgment for money in proper form."

"It is true that, when a judgment for money is declared to be a special lien upon property and the property ordered to be sold, that is an incident not common to the ordinary judgment; but it is nevertheless still a judgment for the payment of money. The construction we adopted is the plain and obvious one *required by the statute,* and if we were to depart therefrom it would mean the clerk in all this class of cases, including foreclosures of mortgages, to make an investigation as to the value of the property in order to fix the amount of the bond. This would lead to unnecessary and profitless contention by making issues by affidavits before the clerk as to the value of the property. We think that it is better that the plain and unambiguous language of the statute be adhered to." From the statute and language of the opinion quoted it is plain the case has here no application.

For the same reasons that the Iowa cases cited under the statutes of that state as that court's interpretation of the bond to be given to supersede judgments for the recovery of money do not apply under our statute, we find other authorities apparently in point until the statutes are consulted under which such holdings are made. We refer to Washington cases. State ex rel. Washington Bridge Co. v. Superior Ct. 11 Wash. 366, 39 Pac. 644, and State ex rel. Commercial Nat. Bank v. Superior Ct. 14 Wash. 365, 44 Pac. 859. These are foreclosure cases in which the form of the judgment rendered was similar to this case on trial, and the holdings are that such a judgment is "a judgment for the recovery of money" within the meaning of the statutes of that state governing supersedeas bonds on appeal, being § 1408 of the Washington Codes (2 Hill's Anno. Stat. & Codes), as amended by § 7 of the Session Laws of 1893, chap. 61. But an examination of the Washington statutes discloses that but one general classification exists on a basis of whether money relief is obtained or not, and not, as under our statutes, various classifications according to the nature of the action as well as the judgment rendered. For the same reason the Pennsylvania case of Koecker v. Fidelity Ins. Trust & S. D. Co. 103 Pa. 331, decided under early statutes and rules of court procedure of that state, does not apply.

California cases are cited by counsel on both sides of this controversy, but all the California cases are in line with our holding herein. The principal case relied upon by respondent is that of Englund v.

Lewis, 25 Cal. 337, construing the many sections involved of the early California practice acts. Englund v. Lewis is to be construed, however, in connection with the first appeal in the same subject-matter. Lewis v. Covilland, 21 Cal. 178. In the latter case an appeal was taken from a district court judgment similar to the one we are considering, adjudged secured by vendor's lien, which in the Covilland Case was on appeal modified into a judgment for the payment of money only with reversal and dismissal as to the lien security; and thereafter Englund v. Lewis was a determination of § 204 of the California practice act (Stat. 1851, p. 82), under the terms of which on the filing of the judgment roll the judgment creditor procured a lien on all real property of the judgment debtor "until the said lien expires," and further providing that "the lien shall continue for two years unless the judgment be previously satisfied." Pending the appeal in the Covilland Case, the judgment debtor purchased other real estate which became subject to execution on the personal judgment part of the main judgment in the vendor's lien foreclosure case. During this time a supersedeas bond had been fixed under § 352 of the practice act, to stay waste and secure the value of the use and occupation of the premises involved in the vendor's lien case of Lewis v. Covilland. Later, and during the pendency of the appeal, Englund, plaintiff in Englund v. Lewis, purchased from the judgment debtor the real estate other than that involved in the lien foreclosure suit, and which real estate the judgment debtor himself had purchased after the rendition of the judgment in the vendor's lien case; and thereafter on the money judgment being handed down by the Supreme Court in the Covilland Case, Lewis, the judgment creditor therein, levied upon the premises so purchased by Englund, claiming the same as additional security to the money judgment, under the lien granted by statute, § 204 of the practice acts, similar to·§ 7082, Codes of 1905 of this state, providing for the obtaining of a lien on real property of the judgment debtor by the docketing of a judgment. In Englund v. Lewis, the court held the form of the judgment as entered in Lewis v. Covilland proper, and that the judgment in personam operated to give the lien on the other real estate subsequently coming into the possession of the judgment debtor, but that the supersedeas bond on appeal did not operate to release the lien on the real estate subsequently acquired, and that as to such prop-

erty the same was open to execution, and, the lien thereon not having been exercised for a period of two years, such lien was lost, and Englund, subsequent grantee, took the property released from the general lien of judgment.

It will be observed the case turns upon the question of when the lien took effect upon the property subsequently acquired by the judgment debtor and sold to Englund; and also whether said lien remained subject to being enforced by execution, or whether execution was suspended by the supersedeas bond on appeal in the Covillaud Case covering waste, use, and occupation of different premises entirely. The case then would be analogous to the one before us were plaintiff, Schafer, seeking to enforce the personal part of this judgment against some grantee of appellant, Olson, of other real estate than that involved in and subject-matter of this vendor's lien action, and provided further our statutes declared any personal lien by judgment should expire at the expiration of two years from date of entry of judgment if the lien is not exercised within that period. Section 352 of the practice act under which the supersedeas on appeal in Englund v. Lewis was given, that later became without amendment § 945 of the Code of Civil Procedure of California, is nearly identical with § 7212 and § 7213 of our Code of 1905, taken together. And the provisions of the practice act are very similar, as are the California Code provisions 942 to 945, inclusive to all those of our own Code, §§ 7209 to 7215, inclusive. While the reasoning of the court in Englund v. Lewis would indicate the necessity of a bond similar to that required under § 7209 for money judgments, in addition to the bond given in this case under § 7212, yet nowhere is the bond that was given declared to be improper for the purposes for which it was executed, namely, as a supersedeas bond in the vendor's lien case, and to that extent Englund v. Lewis is authority for the construction we adopt, that the bond to be given herein is required under § 7212 staying execution of the judgment to sell and deliver the realty involved in this action. And later California cases have so applied Englund v. Lewis as supporting the requirement of a supersedeas bond to be given for waste, occupancy and deficiency taken under practically the provisions of § 7212 as in the instant case. See Boob v. Hall, 105 Cal. 413, 38 Pac. 977, in the opinion of which we find: "When the case of Englund v. Lewis was decided, although the law of

procedure differed in many respects from our present Code, § 352 of the practice act was in the exact language of § 945 of the Code, and in that case, although the point was not raised or discussed, counsel and court seemed to assume *that the amount of the deficiency bond should be fixed by the judge.*" "In Englund v. Lewis it was held that the judgment there under review was a dual judgment, one at law in personam for a sum of money and one in equity decreeing the enforcement of a vendor's lien." "It was held that under the law then obtaining such a judgment might be entered even in case of a mortgage, and that the personal judgment was entirely distinct from the decree." "Therefore it was held that a bond on appeal against waste, deficiency, etc., while it stayed the decree of sale, did not stay the personal judgment, and that the latter could be stayed only by giving a bond double the amount of the judgment. Whether such judgment could be properly rendered in an action to foreclose a mortgage under § 726 of the Code of Civil Procedure and the construction put upon it by the decisions of this court is a question which does not here arise, for the judgment in the case at bar is not of that character either in form or substance. It merely follows the form now in common use, and, after reciting that a certain sum is due upon the debt and mortgage, immediately proceeds to order, adjudge, and decree that the mortgaged premises be sold, the proceeds applied, and that if there be any deficiency after the sale a judgment of this court be docketed. There was no judgment which could be enforced by common execution. The defendants were therefore required to give no stay bond other than for waste, occupation, and deficiency, and the amount of the deficiency could not be ascertained until after the application of the proceeds of sale. It would be great injustice to require appellant in such a case to give bond in double the amount for which the premises are sold for that might be ample security for twice that sum." And the court holding is that the trial court has power to fix the amount of the bond in respect to waste, use, occupation, and deficiency, practically as was held by the trial court in the instant case.

The later California cases are in accord with Boob v. Hall, above cited. See also Kreling v. Kreling, 116 Cal. 458, 48 Pac. 383, in which case a judgment very similar to the one under consideration, in which the supersedeas writ was opposed on the same grounds as urged by re-

spondent herein, that a judgment for foreclosure is a money judgment requiring an undertaking to the amount of the judgment appealed from, the court makes the following comment: "The provisions of § 942 of the Code of Civil Procedure, requiring an undertaking in double the amount of the judgment for a stay of its execution if the appeal be from a judgment or order directing the payment of money, is inapplicable to the present case. That section is applicable to a judgment which directs payment by the defendant of a specific amount of money and which can be directly enforced by a lien of execution, but has no application to a judgment which may be satisfied in *either of two or more modes* or which cannot be enforced against the defendant until after the plaintiff has exhausted another remedy and where he is personally liable for only the *proceeds of certain property which is primarily chargeable therefor*"—citing Painter v. Painter, 98 Cal. 625, 33 Pac. 483; Boob v. Hall, 105 Cal. 413, 38 Pac. 977. "If the judgment directs the sale of real property, and the defendant is liable only in case of deficiency of the proceeds of such sale, the provisions of § 945 control, and by that section it is only when the judgment is for the sale of mortgaged premises that the undertaking must provide for the payment of a deficiency." Section 945 referred to embodies §§ 7212 and 7213 of our Code.

In the light of the foregoing decision, appellant may contend that the same does not apply to the question under consideration as in Schafer v. Olson, owing to the form of the judgment; that it is not a judgment for deficiency, but instead one wherein a judgment for money is rendered and the proceeds of the premises liened are, according to its terms, to be applied thereon; and that the question of deficiency is not involved, and hence the holding in Kreling v. Kreling does not apply. This is effectually answered in Owen v. Pomona Land & Water Co. 124 Cal. 331, 57 Pac. 71, where this claim was urged in a judgment rendered in the identical form as in Schafer v. Olson, and is disposed of against the contention of appellant herein by the following from the opinion: "But respondent claims that the judgment here is one which 'directs the payment of money' within the meaning of § 942 of the Code of Civil Procedure, and that there should have been an undertaking in twice the amount found due from defendant. This claim is based upon the following language in the first part of the judgment:

'That said plaintiff do have and recover of the said defendant the amount of the several sums of money, etc.' This language considered by itself certainly does sustain the contention of the respondent; but it cannot be taken by itself disconnected with other parts of the decree, and when the whole decree is read together it is found to be in substance an ordinary decree of foreclosure, in which certain property is ordered sold and its proceeds applied upon an ascertained debt, the balance remaining due, if any, to be docketed as a personal judgment. The provision for the sale of the property and the application of the proceeds is not merely a cumulative remedy given for the enforcement of an ordinary money judgment. It is a part and an essential part of the only procedure for the enforcement of the judgment." Then, again, after citing the California cases hereinbefore mentioned, the opinion proceeds: "The judgment here is in fact one directing the sale of real property and would be governed by the provisions of § 945 of the Code of Civil Procedure if that were applicable. *If the defendant had been in possession of the real property, the bond to stay proceedings should have secured to the respondent the damages by waste and the value of the use and occupation;* but, the plaintiff being himself in the exclusive possession, these clauses of the statute have no application, and, the case not being one of mortgage, no undertaking for payment of the deficiency was required. On the whole it appears that this is a case not covered by any portion of the statute for the filing of a stay bond, and the proceedings of the judgment were thereby stayed by the ordinary undertaking on appeal." See, also note 12 to § 945, vol. 3, Code of Civil Procedure, as contained in Kerr's Cyclopedic Codes of California, as follows: "Judgment Directing Sale of Real Property. To pay money judgment in action by vendee against his vendor *would be governed by this section were it not that defendant was not in possession and therefore no bond for damages by waste was required.* It not being a mortgage foreclosure, no undertaking for payment of deficiency was required and hence it was governed by § 949," as to supersedeas bonds on appeal. And § 949 referred to corresponds to our § 7215 as a general provision to apply to cases not coming within other specific classifications mentioned in the other sections of the statute as to supersedeas bonds.

In the case before us for determination appellant vendee of the prem-

ises involved is in possession thereof; hence the necessity for the bond staying waste and value of use and occupation pending the appeal, required under § 7212. To the same effect, see also, California Mortg. & Sav. Bank v. Graves, 129 Cal. 649, 62 Pac. 259, and Olsen v. Birch, 1 Cal. App. 99, 81 Pac. 656, in which last-cited case a judgment for foreclosure of liens on a vessel, and rendered in the same form as in the case before us, was, notwithstanding the form of the judgment, held not to be one directing the payment of money, and an undertaking in double the amount of the judgment for the purpose of staying execution thereon given and acted upon was not sufficient to stay execution on judgment of foreclosure, and in an action against the sureties such bond was held void as without consideration See, also, Central Lumber & Mill Co. v. Center, 107 Cal. 193, 40 Pac. 334; Reay v. Butler, 118 Cal. 113, 50 Pac. 375; McCallion v. Hibernia Sav. & L. Soc. 98 Cal. 442, 33 Pac. 329—for similar holdings.

Appellant cites federal cases in support of his contention, a leading one of which is a decision by Judge Jenkins in Louisville, N. A. & C. R. Co. v. Pope, 20 C. C. A. 253, 46 U. S. App. 25, 74 Fed. 1, and also by Judge Taft in the case of Fuller v. Aylesworth, 21 C. C. A. 505, 43 U. S. App. 657, 75 Fed. 694. These define a judgment for the recovery of money within the meaning of supersedeas bond required under the provisions of the United States Revised Statutes and Supreme Court rules; but the requirements are so different from our statute that the cases have no application. The supersedeas required in Federal practice is based on the following provision of rule 29 (108 U. S. 590, 20 L. ed. 907, 3 Sup. Ct. Rep. xvi) of the Supreme Court: "Such indemnity (referring to supersedeas bond) where the judgment or decree is for the recovery of money *not otherwise secured* must be for the whole amount of the judgment or decree, including just damages for delay and cost and interest on the appeal." The words "not otherwise secured" make the cases cited based thereon not applicable to a case wherein a foreclosure is ordered on property securing the judgment.

Our conclusion is that the judgment of the district court requiring the undertaking from appellant, conditioned that during his possession of the real estate the subject-matter of the action pending his appeal herein, he will not commit waste nor suffer waste to be committed, and that he pay the value of the use and occupation of the property pending said

appeal until final judgment, if the decision be adverse to him, was proper, and that no undertaking under the provisions of § 7209, based on a judgment directing the payment of money, should be required; and that a judgment in an action for foreclosure of vendor's lien on specific real property should be superseded by a sufficient bond given under the provisions of § 7212.

Therefore the order to show cause is dismissed, and the order approving the supersedeas bond given by appellant, Olson, is affirmed, with costs to respondent.

Fisk and Burke, JJ., and Kneeshaw, Dist. J., concur.

Hon. W. J. Kneeshaw, Judge of the Seventh judicial district, sat in place of Morgan, Ch. J., by request.

Spalding, J. (dissenting). After giving the opinion of Judge Goss very careful consideration, and examining all the authorities cited therein, and the statutes on which they are based, and comparing the same with the provisions of our own Code thought to be applicable, I find myself unable to concur therein. In my judgment the trial court had no power, on the undertaking furnished, to order a stay of all proceedings on the judgment and decree rendered in that court, and its order should be modified so it may supersede only the part of the judgment which I shall denominate "decree"—that, is to say, that part directing a sale of the premises in the manner usually followed in the foreclosure of mortgages—or the appellant should be permitted to file an additional bond appropriate to stay a money judgment on appeal to this court.

With great deference for the opinions of my associates, I am constrained to conclude that their decision rests upon authorities no one of which is in point, for the reason, if for no other, that they all depend upon statutes which differ radically from our own. The only authorities I find bearing on the subject, on statutes either identical with, or in substance the same as ours, are in harmony with my conclusions. It must be borne in mind that, since the adoption of the Code, causes of action which had theretofore been denominated legal and those called equitable may be united in proper cases. It necessarily follows that a

judgment or decree, or both, may be entered appropriate to the nature of the causes of action set forth in the pleadings. I am of the opinion that there has been a failure to distinguish between two classes of actions, viz., actions wherein the lien, or the equities, are the main features and the damages or the money part of the recovery only incidental, and those in which the money is the principal element and the lien or equity features incidental.

In the case at bar the lien depends on the debt, and not the debt on the lien. The lien is only an incident of the debt. The issues should not be lost sight of. The plaintiff sold a tract of real property to the defendant for a cash consideration and delivered the deed. The defendant placed the deed on record and immediately mortgaged the property so purchased to one Lord. The plaintiff brought this action to recover the purchase price which had not been paid to him, as held by the trial court, and to have it adjudged a vendor's lien and as taking precedence to the mortgage to Lord, and for the foreclosure of such lien. The contests in the trial court in no manner related to the vendor's lien, except incidentally. The questions litigated were whether a bank in which the defendant had deposited the purchase price was the plaintiff's or the defendant's agent. If it was the plaintiff's agent, payment had been made; if the defendant's, the purchase price had not been paid; and if the latter to determine the priority between the vendor's lien, which followed as a matter of course, and the mortgage which in the meantime had been given. The trial court found that the bank was the defendant's agent, and that therefore the purchase money had not been paid to the plaintiff, but that Lord, the mortgagee, was an innocent incumbrancer, and that his mortgage had precedence to the vendor's lien held by the plaintiff. Judgment was entered in the usual form of a money judgment, as stated in the main opinion. This was followed by a decree establishing the lien, providing for the sale of the premises and the application of the proceeds, and execution for the deficiency, if any. It will thus be seen that it was a dual judgment, or, in technical language, the first provision was a judgment and the remaining provisions a decree in equity, all proper under our system and as held by numerous authorities.

Section 7070, Rev. Codes 1905, requires judgments to be entered by the clerk upon the order of the court or judge thereof. Section 7079

50 N. D.—2.

requires the judgment to be entered in a judgment book, and that it shall specify clearly the relief granted or other determination of the action. Section 7082, so far as material, is as follows: "On filing a judgment roll upon a judgment directing in whole or in part the payment of money it may be docketed with the clerk of the court in which it was rendered, in a book to be known as the judgment docket, . . . and shall be a lien on all the real property, except the homestead, in the county where the same is so docketed, of every person against whom any such judgment shall be rendered, which he may have at the time of the docketing thereof in the county in which such real property is situated or which he shall acquire, at any time thereafter for ten years from the time of docketing the same, in the county where it was rendered. . . . But whenever an appeal from any judgment shall be pending and the undertaking requisite to stay execution on such judgment shall have been given, and the appeal perfected as provided in this Code, the court in which such judgment was recovered may, on a special motion, after notice to the person owning the judgment, direct the clerk to make an entry on the judgment docket that the judgment is secured on appeal, and thereupon it shall cease, during the pendency of the appeal, to be a lien on the real property of the judgment debtor as against purchasers and mortgagees in good faith and for value."

No specific provision has been made by the legislature of this state for the foreclosure of vendors' liens, and we cannot look to the provisions of our Code relating to foreclosure of mortgages for light on the subject. Section 7082, supra, seems to indicate in as clear, explicit language as could be employed, that when a judgment is filed directing in whole or in part the payment of money, and docketed, it becomes a lien upon all real property except the homestead, of the debtor in the county, and he can only be relieved from it by the undertaking on appeal requisite to stay execution. The judgment in the instant case must certainly come within the definition of one which directs in whole or in part the payment of money. If considered as one judgment, it directs it in part; if considered as a dual judgment, as held by many authorities, or as I have technically designated it, as a judgment and as a decree, the judgment is in whole for the payment of money. Now if my conclusion is correct, and under this section the judgment in this case for money became a lien on all the real estate of the defendant

except his homestead, when docketed, the next question is how the lien of such a judgment may be released or superseded on appeal to this court. When we turn to the appropriate chapter, we find that § 7209 is as applicable to this case as human wisdom could make a provision, in providing that, if the appeal is from a judgment directing the payment of money, it shall not stay the execution of the judgment unless an undertaking is executed on the part of the appellant by at least two sureties, etc.

This section is in harmony with § 7082, supra. The first provides for a lien when the judgment is for the payment of money in whole or in part, and the last for a stay of execution when the judgment directs the payment of money; but it is said that § 7212 is the only section having any application to this judgment and decree because it provides for staying the sale or delivery of possession of real property, except for foreclosure of mortgages, when the judgment appealed from directs it. This ignores the money judgment. When the judgment is dual, one part a judgment for money, the other directing the sale of real property, this only has application, as is clear, to the decree directing the sale. It has no application to the money judgment. They are two distinct entities so far as necessary to consider in this case.

The court was asked to enter a money judgment; it did so. It was asked to enter a decree, and it did so; and, if the defendant wishes to supersede the money judgment, he must give an undertaking appropriate to the money judgment. If he wishes to prevent the sale, he gives an undertaking appropriate to do that; but the latter alone does not release the lien of the money part of the judgment, nor prevent levy of execution thereon. That the form of the money judgment in this case is in personam and appropriate to such actions cannot be questioned.

Now with reference to the authorities relied upon in the majority opinion: The provisions of the California practice act of 1851 were to all intents and purposes, so far as applicable herein, identical with our own at the present time. Section 204 of that act corresponded to § 7082 of our Code, and provided that immediately upon filing a judgment roll the clerk should make the proper entries of the judgment under appropriate heads in the docket kept by him, and that "from the time the judgment is docketed it shall become a lien upon all the real property of the judgment debtor, not exempt from execution, in the

county, owned by him at the time, or which he may afterwards acquire, until the said lien expires. The lien shall continue for two years, unless the judgment be previously satisfied."

The sections relating to undertakings on appeal were, barring some verbal changes, identically our own. In fact, such provisions were incorporated into the Code of Dakota Territory from the California practice act, which had long prior to that time been construed by the supreme court of California. Until 1860 and 1861 the California practice act had contained no prohibition from maintaining at the same time more than one suit to enforce liens or collect the debt secured thereby. In this respect it was like the Code of this state at the present time, with the exception of provisions relating to the foreclosure of mortgages. Authorities on foreclosure of mortgages in California before 1860 and 1861 are in point. In Rollins v. Forbes, 10 Cal. 299, Judge Field, writing the opinion, held as against a demurrer that in an action to foreclose a mortgage the equitable relief follows as a consequence of the existence of the debt and as security for its payment; and that there was no objection to the formal rendition of a judgment for the amount found due in such actions. And the same court, through Field, Ch. J., in 1859 held that on an appeal from an order setting aside a money judgment in foreclosure proceedings, on the ground that such judgment could not be rendered in the foreclosure of a mortgage, the court erred; that the parties were at liberty to adopt in such actions the course pursued under the old chancery system and take a decree adjudging the amount due upon the personal obligation of the mortgagor and directing a sale of the premises and the application ot the proceeds to its payment, and apply, after sale, for the ascertainment of any deficiency and execution for the same; or that they might take a formal judgment for the amount due in the first instance. Rowland v. Leiby, 14 Cal. 157.

In Chapin v. Broder, 16 Cal. 403, that court had under consideration this entire subject. It is there held in a foreclosure suit, when the judgment simply ascertained the amount due and directed a sale and the application of the proceeds, the recovery of any deficiency, and execution for the same, that the judgment did not become a lien on the real estate of the debtor. It created no lien until the deficiency was ascertained, but that it was perfectly competent for the court in such

action to render a personal judgment against the mortgagor in addition to the usual relief granted in such cases; and that when this was done it became a lien on the premises; and that when a smaller undertaking than one in twice the amount of the judgment and costs, that being the California provision as to money judgments, was given, *execution was not stayed and could have been issued at any time.*

These cases indicate clearly the construction placed upon these provisions prior to 1861 in California, so far as they relate to the foreclosure of mortgages. There was then no distinction in this respect, in that state, between the foreclosure of mortgages and of other kinds of liens. The case of Englund v. Lewis, 25 Cal. 337, construes these provisions as they related to foreclosure of a vendor's lien. It had been foreclosed by action and a decree taken identical in form in every respect with the one in the case at bar. It is true they were, in that case, not foreclosing, but were considering the effect of a foreclosure where such a judgment and decree had been taken; and it was held that a formal judgment in personam might be rendered against the defendant for the amount found due, with a provision for its enforcement against the property upon which the lien is established, or a judgment might be entered in accordance with the old chancery practice, enforcing the lien and directing the sale of the property upon which it was established; that if the judgment in personam was rendered, and also one enforcing the lien, on appeal from the whole judgment, proceedings would not be stayed upon the whole judgment unless the appellant gave an undertaking for costs and one appropriate to a personal money judgment, and one for the payment of waste and deficiency; that these undertakings might be in one instrument or several; *that, if undertaking was given only for costs and waste and deficiency, an execution on the personal judgment was not stayed pending the appeal.* If given for costs and the amount of the personal judgment, execution for sale of the property under the lien being foreclosed was not stayed. This case is directly in point. The law is exhaustively discussed, the reasoning most convincing, it has never been overruled, but on the contrary has been cited times without number as authority. The effect of it is that, to stay execution on the whole judgment foreclosing a lien when personal judgment is taken, the undertaking appropriate to each phase or part of the judgment and decree must be provided.

I have said that the authorities cited in the majority opinion are not in point for the purposes for which they are used. Most of them, on close analysis, disclose clearly why they are not in point; but the most important reason is because of changes made in § 246 of the old California Practice Act in 1860 (Stat. 1860, p. 303, § 23) and 1861 (Stat. 1861, p. 306). That section as then amended still remains in force in that state. We have no such corresponding statutory provision, except relating to foreclosure of mortgages on real property. To make this clear, I quote the material parts of § 246 of the California practice act and of section 7477, Rev. Codes 1905, and the amended § 246 to which I have referred. The old § 246 reads: "In an action for the foreclosure or satisfaction of a mortgage of real property or the satisfaction of a lien or incumbrance upon property, real or personal, the court shall have power by its judgment to direct a sale of the property or any part of it, the application of the proceeds to payment of the amount due on the mortgage, lien or encumbrance, with costs and execution for the balance." This is the section which, in connection with the one making judgments a lien on real property, heretofore referred to, was construed by the California courts. This, as amended in 1860 and 1861, as contained in the California Code, reads: "There shall be but one action for the recovery of any debt or the enforcement of any right secured by a mortgage or lien upon real estate or personal property, which action shall be in accordance with the provisions of this chapter. In such action the court shall have power by its decree or judgment to direct a sale of the incumbered property or such part thereof as shall be necessary, and the application of the proceeds of the sale to the payment of the costs and expenses of the sale, the costs of the suit and the amount due to the plaintiff. If it shall appear from the sheriff's return that there is a deficiency of such proceeds and a balance still due to the plaintiff, the judgment shall then be docketed for such balance against the defendant, or defendants, personally liable for the debt, and shall, from the time of such docketing, be a lien upon the real estate of the judgment debtor, and an execution may thereupon be issued by the clerk of the court in like manner and form as upon other judgments, to collect such balance or deficiency from the property of the judgment debtor."

Section 7477, N. D. Rev. Codes 1905, reads as follows: "Whenever

an action shall be brought for the foreclosure or satisfaction of a mort-gage the court shall have power to render a judgment against the mortgagor for the amount of the mortgage debt due at the time of the rendition of such judgment and the costs of the action, and to order and decree a sale of the mortgaged premises, or such part thereof as may be sufficient to pay the amount so adjudged to be due, and costs of sale. . . . And the court may direct the issuing of an execution for the balance that may remain unsatisfied after applying the proceeds of such sale."

In Cormerais v. Genella, 22 Cal. 116, this amendment was construed, and it was held that it did not deprive the court of the power to enter the old-fashioned, common-law personal judgment, but that it did prohibit the docketing of that judgment and the creating of a lien or the issuance of an execution thereon until the deficiency, if any, should be ascertained. To the same effect was Culver v. Rogers, 28 Cal. 520.

In Painter v. Painter, 98 Cal. 625, 33 Pac. 483, we find an action identical in principle with the case at bar. It was an action for an accounting and to have the amount found due adjudged a lien upon the real estate, and the court said that it would have been entirely proper for the plaintiffs to have entered a judgment in personam for the amount found due, and that upon such judgment they would have been entitled to an execution against all the property of the defendant as upon an ordinary judgment for the recovery of money, but that, inasmuch as the judgment recovered only recited the amount due and contained specific directions as to how it should be released, the right of plaintiffs to a personal judgment had been postponed until the interest of the defendant in the property had been sold and a deficiency judgment entered.

For a discussion of the change occasioned by the amendment of the California practice act, see Cormerais v. Genella and Culver v. Rogers, supra.

The Supreme Court of Washington has passed upon the identical question involved in the case at bar, on at least two occasions. True, in the opinion in this case it is said that Washington decisions are not in point because the statute is not the same. Pray, how does their statute differ from ours? Simply in this, that for the purpose of fixing

the amount of bond to be given on appeal, to supersede the judgment, judgments are there divided into two classes; those for money, and all others.

In State ex rel. Washington Bridge Co. v. Superior Ct. 11 Wash. 366, 39 Pac. 644, it was held that a judgment for a specified sum of money and decreeing the foreclosure of a mechanic's lien is a final judgment for the recovery of money within the meaning of Statutes 1893, p. 122, § 7, providing that a supersedeas bond on appeal from judgment for the recovery of money shall be in a penalty double the amount of damages and costs. The court in commenting upon the arguments of counsel says that this is clearly a judgment for the recovery of money and that had it not been intended by the legislature as such it would have been very easy and natural for it to have inserted the word "only," and thereby make the statute plain. It held the lien purely incidental.

In State ex rel. Commercial Nat. Bank v. Superior Ct. 14 Wash. 365, 44 Pac. 859, it is held that judgment in favor of the plaintiff for money due on a note and for foreclosure of a mortgage securing it is a judgment for the recovery of money within the statute providing that on appeal from such judgment a supersedeas bond shall be double the amount of the judgment; and it was held also that the court had no authority to fix the amount of such bond. It was again held that the primary object of such a statute was to collect the money found to be due, and that the lien and enforcement of it were only secondary. To the same effect, see 1 Freeman, Executions, § 16. And directly in point to this effect is Bennett v. Morehouse, 42 N. Y. 189.

It has been argued that this construction would be unreasonable and burdensome upon the appellant. Be it so. The remedy lies with the legislature and not with the courts. On the contrary, let us inquire what the effect of the other construction is in the case at bar; and it might have a similar effect in many other instances. The plaintiff has parted with his land and received but a small fraction of the purchase price. The defendant not only has the land, but he has mortgaged it for nearly, if not quite, the entire purchase price. The plaintiff has parted with his real estate, recovered judgment for the purchase price and a lien on whatever trifling equity the defendant retains in it, subject to the mortgage, and he has a bond for $250 on the appeal for costs, and another for $1,000 only to cover waste and use and occupation.

It is self-evident that the last clause of § 7082 is a very important factor for consideration on this appeal, because the effect of the $1,000 bond considered is not simply to stay execution, but under that clause it furnishes the foundation on which to direct the clerk to make an entry on the judgment docket whereby such judgment shall cease, during the pendency of the appeal, to be a lien on the real property of the defendant, as against purchasers and mortgagees in good faith and for value. When such entry is made, as unquestionably it will be, and the defendant disposes of his equity in the land to an innocent purchaser, as he may readily do, what security is left to the judgment of this plaintiff, on a debt amounting to $4,197.20, and interest for some years? Nothing except the bond for $1,000, and this bond not to apply on the debt but only for the value of the use and occupation, which may be nothing, and for waste, which is inconsequential.

The language of the Code is too plain to require discussion. The bond given is inadequate to stay either the lien of the money judgment or execution thereon pending the appeal.